(Decided November 16th, 1898.)

---

CAROLINE H. STANLEY AND OTHERS *vs.* THE SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, EXECUTOR OF JOSEPH COX.

*Probate of Wills—Notice to near Relations—Jurisdiction of Orphans' Court—Issues—Delay.*

Code, Art. 93, secs. 328 and 329, provides that the Orphans' Court may grant probate of a will when any of the next relations of the deceased shall attend, or if notice of the time of exhibiting the will for probate has been given to such of the next relations as might conveniently be served therewith, and if none do attend and such notice shall not have been given, then the Orphans' Court may issue summons or direct notice by publication. *Held:*

1st.  That it is the duty of the Orphans' Court when a will is exhibited for probate to require the attendance of some of the next relations or to be satisfied that the executor or other person exhibiting the will notified them that it would then be presented, and that such notice need not be formal as by summons or publication; the latter notice only being required when the former has not been given.

2d.  That after a will has been admitted to probate it will be assumed that the notice required by the statute has been given, and when no appeal has been taken from the order admitting the will to probate and the same stands unrevoked, a party is not entitled to ask that an issue be sent to a

court of law for trial to determine whether the will was admitted to probate in accordance with sec. 329.

The question whether notice has been given to the next relations of the deceased that his will is to be exhibited for probate as required by Code, Art. 93, secs. 328 and 329, is a matter for the determination of the Orphans' Court and is not one upon which issues can be asked after grant of probate.

When a party attacks the probate of a will on the ground that notice thereof had not been given to near relations as required by statute, he must file his petition within a reasonable time after acquiring knowledge of that fact, and, in analogy with the time limited for taking appeals from orders of the Orphans' Court, this should be within thirty days after the grant of probate.

Appeal from an order of the Orphan's Court of Baltimore County.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and PEARCE, JJ.

*Thomas R. Clendinen* (with whom were *Charles H. Stanley, John Gill, Jr.* and *James H. Preston* on the brief), for the appellant.

*Bernard Carter* and *Arthur W. Machen* (with whom was *D. G. McIntosh* on the brief,) for the appellee.

BOYD, J., delivered the opinion of the Court.

This is the second appeal by these appellants from orders passed by the Orphan's Court of Baltimore County in relation to the will of Joseph Cox, deceased, which was admitted to probate by that Court on the . 22nd day of December, 1896. In August, 1897, they filed a petition attacking the testamentary capacity of the deceased, and alleging that he was induced to execute the paper writing purporting to be his last will and

testament by undue influence practiced upon him, etc., and prayed that issues be framed and sent to a court of law for trial.

After the appellee had answered, another petition was filed asking for issues on the preliminary question as to the residence of Joseph Cox.  The Orphan's Court having dismissed that petition, an appeal was taken to this Court which affirmed the order (*Stanley et al.* v. *Safe Deposit and Trust Co.*, 87 Md. 450), and the appellants then filed another petition asking for issues framed as follows:

" 1. Was the paper writing dated November 13, 1896, alleged to be the last will and testament of Joseph Cox, and which is now in controversy, admitted to probate by the Orphans' Court of Baltimore County, on the 22nd day of December, 1896, in accordance with the requirements of Section 329 of Article 93 of the Code of Public General Laws of Maryland? "

" 2. Was said paper writing admitted to probate ' in accordance with the requirements of the law of the State of Maryland, regulating and affecting and controlling the probate thereof? ' "

We will not stop to discuss any technical objections to the form of these issues, as they have not been pressed in this Court, but will proceed at once to the consideration of the petition.  The right to have these issues sent to the Circuit Court is based on the allegation that none of the relations of the deceased had any notice or knowledge that the will would be offered for probate and none of them were present when it was so offered.  The substance of the decision of this Court on the former appeal was that the Orphans' Court of Baltimore County had jurisdiction to determine where the residence of the testator was and that inasmuch as it was necessary for it to determine that such residence was in Baltimore County before it could admit the will to probate, or grant letters, the remedy of the appellants, if there was error, was by an appeal from its decision or by a proper application made to that Court in due season to rescind the order admitting the will to probate, and that the question of

residence could not be raised in the way there attempted —asking for issues to the Circuit Court after the will had been admitted to probate. It was there said: " The evidence upon which it (the Orphans' Court) based its decision could not be looked to by this Court (even if it were in the record) to determine whether the Orphans' Court correctly decided the question of residence, except upon an appeal from that decision, and there is no such appeal before us. The subject being within the Court's jurisdiction, all acts done as consequences of and pursuant to its decisions on a matter of fact that gave it the right to exercise that jurisdiction, are valid until reversed on appeal or set aside by its own order, even though it should subsequently appear that the conclusion reached on that matter of fact was not actually warranted." Under that decision the residence of the testator is no longer an open question so far as it affects the right of the Orphans' Court of Baltimore County to admit this will to probate and if there be no valid reason other than the question of residence, it is conclusively settled and determined that that Court had jurisdiction in the premises.

. The first question to be now determined is how far do the principles announced in that case apply to this appeal? That the reasoning of the opinion is applicable to the contention of the appellants that they are entitled to have these issues sent to the Circuit Court seems to admit of but little doubt. To enable the Court to proceed to take probate of a will, so as to bind the parties interested, some of the next relations of the deceased must attend when the will is exhibited for probate, or " it shall appear that reasonable notice of the time of exhibiting the same hath been given to such of the next relations as might conveniently be therewith served." Art. 93, secs. 327 and 328 of the Code. Section 329 of that Article makes provision for a summons to the near relations, or some one or more of them, or for notice in the public papers or otherwise, as the Court may think proper, in the event that none of the relations attend and no notice shall appear to have been

given.    There is thus imposed on the Orphans' Court the duty of requiring the attendance of some of the next relations, or of satisfying itself that the notice provided for by section 327 was given, and that Court not only has jurisdiction but it is its duty to determine whether there was such attendance or such notice was given. Sections 327 and 328 evidently do not contemplate a formal notice such as a summons or something in the nature of an order of publication, as section 329 provides for that character of notice in the event of the other not appearing to have been given, but they refer to a notice to be given by the executor or other person exhibiting the will to the Court for probate, and *if it appeared to the Court* that such reasonable notice was given, as provided for in section 327, it unquestionably had jurisdiction to proceed to take probate of the will. Having the jurisdiction to decide that question and having decided it, as we must presume it did unless we assume that it wholly disregarded the express provisions of the law, which we would not be justified in doing, its decision cannot be reviewed in the way now attempted.

In the other appeal we said: " The question is not whether the Court rightly decided, but whether it had a right to decide what it did decide.    If it had a right to decide the question of residence, then it had the right to determine whether it had jurisdiction to admit the will to probate, and if it decided that preliminary question erroneously its decision was subject to review upon appeal or to reversal by the Court itself upon proper application made to it for that purpose in due season." What is there said as to the question of residence is equally applicable to that of notice and is conclusive against the right of the appellant to have this question submitted to a jury under issues to be framed by the Orphans' Court whilst the probate still stands.    By the reference to the provisions of section 329 of Art. 93 of the Code, in the former opinion, this Court did not mean to intimate that the question could be raised in this way, but only referred to it to show that it was not

involved in that appeal and therefore could not be properly passed upon, although it was discussed at the argument.

But in addition to the reasons so clearly stated in the opinion delivered by the Chief Judge on the former appeal, we might add that this question was not a proper one for issues—certainly not when they were asked for. It was never contemplated by our statute that issues could be allowed on a question such as this, after the Orphans' Court had, in the exercise of its jurisdiction, determined the question, and while its order admitting the will to probate remained unrevoked. The verdict of a jury on issues properly submitted is binding on the Orphans' Court, as decided in *Sumwalt* v. *Sumwalt,* 52 Md. 338, and other cases, and if issues on this question must be sent to a court of law it would in effect enable the jury to overrule the decision of the Orphans' Court, after that Court had determined that the statute had been complied with. When the sections already referred to say that *if it shall appear* that reasonable notice has been given, etc., they clearly mean *if it shall appear to the Orphans' Court,* to which the will is exhibited for probate, and it was never intended that a jury should determine whether it did so appear to that Court. It is therefore not a proper question upon which to frame issues after the Orphans' Court has acted, as the law has conferred jurisdiction and imposed the duty on it to determine that preliminary question.

But if this were not so and if the petition of the appellant filed June 7, 1898, be treated as an application to the Orphans' Court of Baltimore County to rescind and set aside its order of the 22nd day of December, 1896, admitting the will to probate, the Court was, in our opinion, fully justified in refusing to do so and in dismissing the petition. It is true that prior to the passage of chapter 405 of the Acts of 1894, there was no limit fixed by the laws of this State within which caveats should be filed, and the time fixed by that statute (three years) has not yet expired. But that does not permit preliminary questions of this character to be raised at any time within the three years without regard to what

has already taken place. As we have seen, in August, 1897, a caveat was filed and issues asked for as to the validity of the will, which issues have not yet been tried. In October following, the petition was filed asking that preliminary issues in reference to the residence of the deceased be sent to a court of law for trial, and after the latter was finally disposed of by this Court, the appellants filed the petition now before us. That was on June 7, 1898, nearly eighteen months after the will had been admitted to probate, and at least ten months after the record shows they were aware of that fact. To permit it at such a late date would be an invitation to those dissatisfied with the provisions of a will to unnecessarily delay the settlement of an estate rather than to hasten it, which should be and is the policy of the law. The facts as to notice were as much within the knowledge of the appellants when they filed the original caveat to the will, as they were when they filed this petition, as they knew whether they were present or had notice that the will would be offered for probate. In the case of *Redman* v. *Chance*, 32 Md. 42, a guardian had been appointed by the Orphans' Court without notice as alleged by the appellants, to the father or mother as required by the statute (now sect. 146 of Art. 93 of the Code). This Court held that although the party aggrieved was not restricted to an appeal directly from the order making the appointment, and could by petition or other proceeding in the Orphans' Court impeach the regularity and validity of the appointment, yet the petition should have been filed, upon the principle of analogy to the time limited for appeals, within thirty days after actual knowledge of the order of the Court making the appointment. That decision would seem to be conclusive of this case. The statute (Art. 5, sec. 60 of the Code) still limits the time within which appeals can be taken from orders and decrees of the Orphans' Court to thirty days and it was incumbent on the appellants to file their petition within that time after knowledge of the fact that the will had been admitted to probate, or at least to have shown some sufficient reason for not doing so, which they utterly failed to do.

Nor do we think there was any error in dismissing the petition filed November 23, 1897, wherein the appellants ask for an issue to determine " whether Caroline Stanley, one of the caveators, was at the time of filing the caveat estopped or precluded from filing or prosecuting the same." If it be conceded that such an issue would otherwise have been proper, it can have no possible relevancy to the questions remaining before the Orphans' Court. In the answer to the petition filed October 26, 1897, asking for issues as to the residence of Mr. Cox, the appellee set forth among other things what Mr. and Mrs. Stanley had done after the will had been probated, as ground for not granting those issues, and then the appellants filed this petition on November 23, 1897. As the petition of October 26, 1897 was dismissed by the Orphans' Court and its action affirmed by this Court on the former appeal, what was alleged in the answer to it is no longer a material question, and as we have already said, the Orphans' Court was right in dismissing the petition of June 7, 1898, anything that was set up in the answer to that as a waiver of the question of notice is also now immaterial. The appellee raised no such question in its answer to the original petition for issues, as to the testamentary capacity of Mr. Cox, and the alleged undue influence exerted over him, but on the contrary, after the former appeal was disposed of by this Court, the appellee filed a petition in the Orphans' Court praying that an order be passed directing issues to be framed as asked for in the original petition of the appellants. If then the issue asked for in the petition of November 23, 1897, was ever a proper and relevant one, which it would be useless to discuss, it is now wholly immaterial and irrelevant, as no such question has been raised in the pleadings still before the Court. The order appealed from must be affirmed.

*Order affirmed, the appellants to pay the costs above and below.*

(Decided November 16th, 1898.)