HENRY M. LEDERER, an Infant, by His Mother and
    Next Friend, Margaret C. Lederer,

*vs.*

PAUL JOHANNSEN, Executor of the Last Will and
    Testament of Maria Lederer, Deceased.

*Wills: probate; notice to near relations; presence of any of rela-*
    *tives sufficient under sections 344, 345, of*
        *the Code, Article 93.*

It is only where none of the near relations of a decedent
are present, when the will is exhibited for probate, that it must
be made to appear that reasonable notice was given to them;
where *any* of the near relations attend, and no objection or
caveat is filed, the Orphans' Court is authorized to admit the
will to probate.                                    p. 459

In such a case, there is no necessity for showing that the near
relatives of the deceased had received reasonable notice of the
time when the will would be exhibited.              p. 459

Where the Orphans' Court, in admitting a will to probate,
and granting letters testamentary, proceeds regularly in accord-
ance with the provisions of the statutes, its order should not be
rescinded simply because one of the heirs at law or next of kin
determines to file a caveat.                        p. 460

*Decided January 12th, 1915.*

Appeal from the Orphans' Court of Baltimore City.

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Pattison,
Thomas, Urner, Stockbridge and Constable, JJ.

*Harry M. Benzinger* and *Henry H. Dinneen,* for the appellant.

*Wm. W. Powell* (with whom was *Paul Johannsen* on the brief), for the appellee.

THOMAS, J., delivered the opinion of the Court.

Mrs. Maria Lederer, of Baltimore City, Maryland, died in that city on the second of April, 1914, leaving surviving her a son, Henry Lederer, two daughters, viz, Miss Catherine Lederer and Mrs. Sybilla B. Parker; three step-children, viz, Mrs. Richard, Mrs. Smith and Mrs. Clausing, and two grandsons, George C. Parker, a son of Mrs. Sybilla Parker, and Henry M. Lederer, an infant son of John Lederer, deceased, and also leaving what purported to be her last will and testament.

The will, which is dated July 25th, 1913, was prepared by Mr. Paul Johannsen, a member of the Baltimore Bar., and was left in his custody. He and Mrs. Sybilla Parker were appointed executor and executrix, and after he learned of Mrs. Lederer's death, on the day of her funeral, April 5th, he called up Mrs. Parker by telephone and told her that it was necessary to notify all of "the next of kin * * * who could be notified" and she told him that she would have to leave "all that" to him. On the 6th of April Mr. Johannsen wrote to Henry Lederer, Mrs. Smith, Mrs. Richard and Mrs. Clausing, notifying them that the will would be opened and read to those interested at his office on April 8th at 10 o'clock A. M., and also notified Miss Catherine Lederer and George C. Parker. In response to these notices, Mrs. Smith, Mrs. Richard, Mrs. Clausing, Miss Catherine Lederer, Henry Lederer and Mrs. Parker went to Mr. Johannsen's office on the 8th of April. The will was opened and read in their presence, and they were told that Mr. Johannsen and Mrs. Parker would offer the will for probate in the Orphans' Court of Baltimore City about 11 o'clock on the same day. About

11:30 o'clock Mr. Johannsen and Mrs. Parker took the will over to the Orphans' Court and offered it for probate. The Chief Judge of that Court asked "if it had been opened, read and the notice given." Mr. Johannsen replied "it had," and the will was then admitted to probate. Mrs. Parker, who had been under medical treatment, then asked Mr. Johannsen if it was not possible for him to attend to the "entire thing," and when he replied in the affirmative she renounced her right to letters testamentary, and letters were granted to Mr. Johannsen, who qualified as executor.

On the 8th of May, 1914, Henry M. Lederer, infant, by his mother and next friend, Margaret C. Lederer, filed a petition in the Orphans' Court, alleging that he was nineteen years of age, a son of John Lederer, deceased, and a grandson of the said Maria Lederer; that the alleged will which had been admitted to probate by the Orphans' Court was not the last will and testament of Maria Lederer, deceased, and that "at the proper time" he intended to file a caveat to the same; that he had no knowledge of the existence of said will until after it was admitted to probate; that the executor and executrix named therein "did not give or cause to be given any notice to your petitioner as one of the near relatives of said Maria Lederer, deceased, as required by the statute (Article 93, secs. 343-348, Bagby's Code), and therefore the action of the Court in the premises was (unwittingly) unwarranted and should be set aside." The petition prayed that the order of Court admitting the will to probate and granting letters to Mr. Johannsen be "rescinded, revoked and annulled," and that letters of administration *pendente lite* be granted to some impartial person pending the determination of the caveat to be filed by the petitioner.

In response to the citation issued for him the executor answered the petition, admitting that the will did not make any provision for the petitioner, but averring that the alleged will was the last will and testament of Mrs. Lederer, and that he gave reasonable notice of the time when the same

would be exhibited for probate in the Orphans' Court to such of the "next relations as could conveniently be therewith served," viz, Henry Lederer, George C. Parker, Catherine Lederer, Mrs. Richard, Mrs. Smith and Mrs. Clausing.

Testimony was taken, and in support of his petition Henry M. Lederer stated that he was nineteen years of age, worked for the Baltimore and Ohio Railroad Company at the corner of Baltimore and Charles streets and lived in South Baltimore; that his father, John Lederer, was a son of Maria Lederer, and that he had died in 1907; that his grandmother lived at 2903 North Calvert street, and that he and his mother attended her funeral; that he never knew of the existence of the alleged will, and never received any notice that the same would be filed for probate in the Orphans' Court. In addition to the facts we have already stated, Mr. Johannsen testified that he never heard of the petitioner; that he knew his father and had represented him in an accident claim he had "against the United Railways," but he never knew that he had any children or what had become of his widow, that he got his information as to the relations of the testatrix from her; that he never heard her speak of the petitioner, and that if he had known of him he would have sent him a notice similar to the letter he sent the others mentioned; that he told Mrs. Parker that he wanted to notify the next of kin and parties interested, and that he got the addresses of the parties named from her and the city directory; that the day he sent the notices referred to he told Mrs. Parker that he had an engagement out of town, and that he would like to arrange to have the will opened, read and offered for probate, on the same day, and asked if it would be convenient for her to come to the Orphans' Court at a certain time; that he then told her that her presence would be necessary, and that when she asked him why it was necessary for her to be present he told her that she was appointed executrix; that Mrs. Parker was one of the witnesses to the will, but he did

not believe that she knew that she was appointed executrix until he told her as stated above.

After the hearing, the Orphans' Court, on the 19th of June, 1914, passed an order dismissing the petition, and from that order the petitioner has appealed.

The contentions of the appellant are (1) that under the provisions of the Code it was the duty of the executor and executrix to give him reasonable notice of the time when said will would be offered for probate in the Orphans' Court; (2) that the statement made to the Orphans' Court to the effect that the required notice to the next relations had been given, whether it was intended to deceive or not, operated as a fraud upon the Court, and (3) that without such notice to the appellant the Orphans' Court had no jurisdiction to admit the will to probate.

The sections of the Code bearing upon the question involved and upon which the appellant relies are as follows:

"Sec. 343 (Art. 93)—If any will or codicil be exhibited for proof to the register of wills of the county wherein the same may be proved, in the recess of the court, and any of the next relations of the deceased shall attend and make no objections, or enter no caveat, or if it shall appear that reasonable notice of the time of exhibiting the same hath been given to such of the next relations as might conveniently be therewith served, and no person shall object or enter a caveat, the register shall proceed to take the probate thereof."

"Sec. 344—If any such will be exhibited for probate to the orphans' court of the county where the same may be proved, and any of the next relations of the deceased shall attend, or if notice shall appear to have been given as aforesaid, and no caveat shall have been made against the same, the said court may forthwith proceed to take probate thereof."

"Sec. 345—If any will or codicil be exhibited to the orphans' court, and none of the near relations of the deceased shall attend, and no notice shall appear to have been given, the court may either direct summons

to the said near relations, or some one or more of them, to appear on some fixed day to show cause wherefore the same should not be proved, or direct such notice to be given in the public papers or otherwise, as they may think proper; and if no objection shall be made or caveat entered on or before the day fixed, the court or register of wills in their recess, may take the probate of such will; but if objection shall be made on or before the day appointed, the said court shall have cognizance of the affair, and shall determine according to the testimony produced on both sides."

Section 347 provides that the executor or person exhibiting the will shall be examined on oath as to his knowledge of any other will or codicil, and as to the manner in which the will or codicil exhibited came into his hands. Section 346 makes provision for cases in which a caveat is filed before or after the will has been exhibited for probate, and section 348 provides that where the probate of a will is taken without contest, if a petition is filed, before letters testamentary are actually granted, praying that the case may be again examined, the Court shall delay the granting of letters until a decision is had on the petition; and in case such a petition is filed after letters testamentary have been granted, and the Court on hearing both sides shall decide against the probate, the letters previously granted shall be revoked.

Under sections 343 and 344 the register of wills and the Orphans' Court are authorized and directed to take probate of a will where any of the next relations of the deceased shall attend, or where it shall appear that reasonable notice of the time of exhibiting the will has been given to such of the next relations "as might conveniently be therewith served," and no objection or caveat has been filed, and section 345 provides what shall be done where no near relation is present, and no notice appears to have been given as required by sections 343 and 344. It is only where none of the near rela-

tions of the deceased are present when the will is exhibited for probate that it must be made to appear that reasonable notice was given to them, and where any of the near relations attend, and no objection or caveat is filed, the Orphans' Court is authorized to take probate of the will.

The facts of this case bring it clearly within the provisions of sections 343 and 344. Mrs. Parker, who was one of the daughters of the deceased, and, therefore, one of "the next relations of the deceased," was present in the Orphans' Court when the will was offered for probate. The language of section 344 is "any of the next relations of the deceased," and no exception is made in case such relation happens to be the executor or executrix, or a witness to the will. As Mrs. Parker was present when the will was exhibited in the Orphans' Court, and as no caveat or objection was filed, the Orphans' Court was authorized to admit the will to probate without it being made to appear that reasonable notice had been given to the near relations of the deceased of the time when the will would be exhibited in that Court.

It is not necessary to determine in this case whether the failure to give the appellant the notice provided for in the Code would, under the circumstances disclosed by the record, have justified a reversal of the order of the Orphans' Court if no near relation had been present when the will was exhibited for probate, nor would we be justified in holding that the probate of the will was procured by misrepresentation, innocently or fraudulently made. Mrs. Parker relied upon Mr. Johannsen to give such notices as the law required, and there is nothing in the record to indicate that she knew that he had neglected to notify the appellant or that it was necessary to give him any notice. Mr. Johannsen states very frankly that he never knew of the appellant, and counsel for the appellant state in their brief that they "cheerfully acquit" him "of any intent or design to mislead the Court." It was not necessary under the circumstances to make it appear to the Orphans' Court that notice had been given to

the appellant, and the Orphans' Court, after a full disclosure of the facts in reference to the notices given, refused to rescind its order admitting the will to probate and granting letters testamentary to the appellee.

We have examined the authorities cited by the appellant but do not find in them any warrant for a reversal of the order appealed from. The authority of the Orphans' Court to admit wills to probate must, in each case, be determined by the provisions of the statute. In this case the Court below acted clearly within the jurisdiction conferred upon it, and no sufficient reason has been assigned for a reversal of its action.

If the authority of the Orphans' Court to admit the will in question to probate had depended upon notice to the near relations of the deceased, it would have been within the province of that Court to determine whether such notice had been given, subject to an appeal to this Court. *Stanley* v. *Safe Deposit Co.,* 88 Md. 401; *Lee* v. *Allen,* 100 Md. 7. And if the action of the Court had been procured by misrepresentation as to a material matter, however innocently made, it would have been justified in rescinding its order based upon such misrepresentation. *Lutz* v. *Mahan,* 80 Md. 233. But these questions are not presented by the record before us, and where the Orphans' Court, in admitting a will to probate and granting letters testamentary, proceeds regularly in accordance with the provisions of the statute, its order should not be rescinded simply because one of the heirs at law or next of kin of the deceased subsequently determines to file a caveat and to contest the validity of the will. *Grill* v. *O'Dell,* 111 Md. 64.

*Order affirmed, with costs to the appellee.*