## CHARLES G. LINTHICUM, JR., AND FRANK C. LINTHICUM

*vs.*

## A. HOWARD LINTHICUM, EXECUTOR OF CHARLES G. LINTHICUM, DECEASED.

*Wills: probate; notice; attendance of near relations.*

It is only where none of the near relations of the deceased are present when the will is exhibited for probate that it must be made to appear that reasonable notice was given them; and where any near relatives attend, and no objection or caveat is filed, the Orphans' Court is authorized to take probate of the will, especially where there is no allegation of fraud, and the provisions of sections 343, 344 and 345 of Article 93 do not then apply, although no such notice was given.     pp. 152-153

*Decided January 31st, 1917.*

Appeal from the Orphans' Court for Howard County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*D. G. McIntosh, Jr.* (with whom was *D. G. McIntosh* on the brief), for the appellants.

*Joseph L. Donovan,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellants, two of the three only sons of the late Charles G. Linthicum, filed their petition in the Orphans' Court of Howard County, alleging that the will of the said Charles G. Linthicum had been improvidently admitted to

probate, in that, it was so admitted without notice having been given to the petitioners as to the time it was to be offered and without their attendance, and praying that the probate thereof and the letters testamentary granted thereon should be revoked.

A. Howard Linthicum, the other son, to whom letters testamentary had been issued, he having been designated as executor in the will, filed an answer; and testimony was taken at the hearing upon the petition and answer. From the testimony it appears, that one of the petitioners lived in Baltimore City and the other in Howard County, within a few miles of his father's late home, and that the appellee made his home with his father. That the petitioners had no knowledge of the existence of a will, and were not notified by anyone that one would be offered for probate; and that the first notice received, was in a letter from the solicitor of the executor to one of the petitioners the day after the probate. The will was prepared by Drs. Nichols and Cissell, and retained in the possession of Dr. Nichols until presented by him to the Orphans' Court for probate. Those present at the proof of the will were the witnesses to it and the son, A. Howard Linthicum.

The Court refused to revoke the probate and the letters testamentary granted thereon and dismissed the petition; and it is from that order this appeal was taken.

The sole contention of the appellants is, that, under the provisions of the Code, it was the duty of the one propounding the will for probate to have given reasonable notice to them of the time at which the will would be offered for probate, and, that, therefore, the Orphans' Court, in the absence of such notice, did not acquire jurisdiction to admit the will to probate.

The provisions of the Code, affecting this question, are found in Sections 343, 344 and 345 of Article 93 and are as follows:

"343. If any will or codicil be exhibited for proof to the register of wills in the county wherein the same

may be proved, in the recess of the Court, and any of
the next relations of the deceased shall attend and make
no objection, or enter no caveat, or if it shall appear
that reasonable notice of the time of exhibiting the
same hath been given to such of the next relations as
might conveniently be .therein served, and no person
shall object or enter a caveat, the register shall proceed
to take the probate thereof.

"344. If any such will be exhibited for probate to
the Orphans' Court of the county where the same may
be proved, and any of the next relations of the de-
ceased shall attend, or if notice shall appear to have
been given as aforesaid, and no caveat shall have been
made against the same, the said Court may forthwith
proceed to take probate thereof.

"345. If any will or codicil be exhibited to the
Orphans' Court, and none of .the near relations of the
deceased shall attend, and no notice shall appear to
have been given, the Court may either direct summons
to the said near relations, or some one or more of them,
to appear on some fixed day to show cause wherefore
the same should not be proved, or direct such notice
to be given in the public papers or otherwise, as they
may think proper; and if no objection shall be made
or caveat entered on or before the day fixed, the Court
or register of wills in their recess, may take the probate
of such will; but if objection shall be made on or be-
fore the day appointed, the said Court shall have
cognizance of the affair, and shall determine accord-
ing to the testimony produced on both sides."

It is only very recently that this Court has been called
upon to again pass upon the authority of the Orphans' Court,
as derived from these sections, and that case must be deemed
as conclusive of the question here presented. In *Lederer* v.
*Johannsen,* 124 Md. 453, JUDGE THOMAS, speaking for the
Court, it is said: "It is only where none of the near rela-
tions of the deceased are present when the will is exhibited
for probate that it must be made to appear that reasonable

notice was given to them, and where any of the near relations attend, and no objection or caveat is filed, the Orphans' Court is authorized to take probate of the will. The facts of this case bring it clearly within the provisions of sections 343 and 344. Mrs. Parker, who was one of the daughters of the deceased, and, therefore, one of 'the next relations of the deceased,' was present in the Orphans' Court when the will was offered for probate. The language of section 344 is 'any of the next relations of the deceased' and no exception is made in case such relation happens to be the executor, or a witness to the will. As Mrs. Parker was present when the will was exhibited in the Orphans' Court, and as no caveat or objection was filed, the Orphans' Court was authorized to admit the will to probate without it being made to appear that reasonable notice had been given to the near relations of the deceased of the time when the will would be exhibited in that Court."

In the face of such a very recent decision, resting upon facts so similar to those in the present record, and in the absence of contention of any fraud having been perpetrated upon the Court, we do not deem it necessary to enter into any further discussion of the subject.

The appellants chief reliance is placed upon language used in the opinion in *Emmert* v. *Stouffer*, 64 Md. 550. This same language was relied on by the appellants in *Stanley* v. *Safe Deposit Co.*, 87 Md. 450. But it was held there, that the language was not applicable to that case, because the Emmert case was dealing with facts which showed that the order of the Orphans' Court was a nullity for want of jurisdiction, in that, the will in question was not offered for probate at all, but was presented with a petition, which declared it was not a valid will, and distinctly stated it was not offered for probate.

For the same reason that case is not applicable here.

*Order affirmed, with costs to the appellee.*