JAMES EMORY PERRIN *v.* SAUL PRAEGER,
EXECUTOR, ET AL.
[No. 7, January Term, 1928.]

*Decided February 21st, 1928.*

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

542

*George Henderson,* with whom was *William A. Gunter* on the brief, for the appellant.

*Saul Praeger* and *Charles Z. Heskett,* for the appellees.

DIGGES, J., delivered the opinion of the Court.

Marie Perrin died in Cumberland, Allegany County, Maryland, on July 30th, 1927, leaving a last will and testament. By this will all of her property of every description was devised and bequeathed to Leigh Hammond, a female associate and friend of the testatrix, but no blood relation to her. Saul Praeger, a member of the Cumberland bar, was named executor in the will. On August 2nd, 1927, the executor, accompanied by the three witnesses to the will, presented it for probate in the Orphans' Court of Allegany County, and on that day the will was admitted to probate by that court, and letters testamentary granted to the executor. At the time of the death of Marie Perrin she left surviving her a half-brother, the appellant, as her sole heir at law. On August 12th, 1927, ten days after the order of the orphans' court probating the will and granting letters testamentary, the appellant filed a petition in that court, alleging the death of Marie Perrin, that he was her next of kin and only heir at law, that the will had been probated and letters testamentary granted on August 2nd, 1927; and further alleging that the orphans' court erred in admitting the alleged will to probate without requiring compliance with the provisions of sections 353, 354 and 355 of article 93 of the Code, and that the alleged will is not a true and valid will, it having been procured by undue influence practiced upon and against Marie Perrin. The prayers of the petition were, that the orphans court revoke its order admitting the alleged will to probate and granting letters testamentary, and require proper notice to be given to the near relations of the deceased, including the petitioner, so that they may have an opportunity to object to the probating of said alleged will and may enter a caveat before the same is probated. An answer to this petition was made by the executor and Leigh Hammond,

the sole beneficiary, in which the allegations of the petition were admitted, except that "respondents neither admit nor deny that none of the next relations of the deceased were in attendance in court at the time said will was offered, nor do they admit nor deny that no notice was given any of the next relations of the deceased of the proposed probate of said will," and further denying that the court erred in probating the will and granting letters testamentary, and that the will was obtained by undue influence practiced upon the testatrix. After hearing testimony in respect to the allegations of the petition, the orphans' court passed the following order: "Testimony was thereupon taken under said petition and answer, and it appearing to this court that the proceedings already had herein in probating said will and in granting said letters testamentary were in accordance with the regular practice in Allegany County, the prayers of the petition are hereby refused, and the probabte of the said will of Marie Perrin and the letters testamentary granted thereon are hereby affirmed." It is on appeal from this order that the case is now presented.

It is clearly shown by the record that the will in this case was probated, and letters testamentary granted on the estate, within three days after the death of the testatrix, and on the same day it was offered for probate; that none of the next relations of the deceased were in attendance at that time; nor did it appear that any notice had been given to such of the next relations as might conveniently be therewith served. The uncontradicted testimony demonstrates that no notice of any kind was given to the near relations of the deceased, neither were any of them present at the time the will was offered for probate and probated by the orphans' court. The order of the orphans' court refusing the petition of the appellant, and affirming its former action in probating the will and granting letters testamentary, was based solely upon what the court stated in its order as being "the regular practice in Allegany County." The single question necessary for decision is whether an order of the orphans' court, probating a will and granting letters testamentary,

under such circumstances as here shown, is a valid order for the reason that such was the usual practice in that court. The petition for the revocation of the order admitting the will to probate was filed within ten days after the passage of the order, and was for the direct purpose, and only for the purpose, as shown by the prayers of the petition, of having the court revoke the probate of the will and letters testamentary.

The answer to the question presented by this appeal depends upon whether or not the provisions of sections 353, 354 and 355 of article 93 of the Code, applying as they do to every portion of the state, prevent and prohibit the valid probate of a will under circumstances such as here shown. There can be no room for doubt that if the statute requires certain things to be done, or circumstances to exist, as conditions precedent to a valid order of probate, the failure to comply with such statutory requirements cannot be justified by reliance upon a contrary practice in any orphans' court of the state. Section 353 of article 93 covers cases where a will is exhibited for probate to the register of wills in the recess of the court, and provides: "If any will or codicil be exhibited for proof to the register of wills of the county wherein the same may be proved, in the recess of the court, and any of the next relations of the deceased shall attend and make no objections, or enter no caveat, or if it shall appear that reasonable notice of the time of exhibiting the same hath been given to such of the next relations as might conveniently be therewith served, and no person shall object or enter a caveat, the register shall proceed to take the probate thereof." Section 354 of the same article applies to cases where the will is offered for probate to the orphans' court when in session, and provides: "If any such will be exhibited for probate to the orphans' court of the county where the same may be proved, and any of the next relations of the deceased shall attend, or if notice shall appear to have been given as aforesaid, and no caveat shall have been made against the same, the said court may forthwith proceed to take probate thereof." Section 353 authorizes the register

of wills to take probate of a will in the recess of the court. If the court is in session he has no such power. But whether the probate is taken by the register of wills or by the court, the conditions precedent to its valid probate are the same, namely: (a) That some of the next relations of the deceased be present, or (b) that there appears to have been given notice to such of the next relations as might be conveniently served therewith. Section 355 defines what is required to be done in cases where none of the near relations attend at the offering for probate, and no notice appears to have been given. This section provides: "If any will or codicil be exhibited to the orphans' court, and none of the near relations of the deceased shall attend, and no notice shall appear to have been given, the court may either direct summons to the said near relations, or some one or more of them, to appear on some fixed day to show cause wherefore the same should not be proved, or direct such notice to be given in the public papers or otherwise, as they may think proper; and if no objection shall be made or caveat entered on or before the day fixed, the court or register of wills in their recess, may take the probate of such will; but if objection shall be made on or before the day appointed, the said court shall have cognizance of the affair, and shall determine according to the testimony produced on both sides."

When the will in question was offered for probate to the Orphans' Court of Allegany County, then in session, there being no next relation of the deceased present, and it not appearing to the court that notice of the intention to offer the will for probate had been given to any of the next relations, it should have proceeded in accordance with the directions contained in section 355, by either directing summons to the near relations, or some one or more of them, to appear on some fixed day to show cause why the will should not be probated, or giving such notice, by publication or otherwise, as the court might think proper. The mandatory requirement of this section is that notice be given to some one or more of the near relations of the deceased, affording them

an opportunity to appear at some fixed day and show cause why the will should not be probated. The only discretion lodged in the court is as to the mode of giving such notice. This construction is inescapable when we read the language following in the same section: "And if no objection shall be made or caveat entered on or before the day fixed, the court or register of wills in their recess, may take the probate of such will."

There is a sound and just reason for these statutory provisions and the requirements to be enforced by the orphans' court, the purpose being to provide a reasonable time within which one, who would take if there were no will, may object to the probate or file a caveat to the will. If a caveat be filed to a will before probate, the devisees and legatees under the will are defendants in such a contest, and no part of the estate of the decedent can be used for the defendants' counsel fees; whereas, if the caveat is filed after probate, the executor or administrator *c. t. a.* is the proper party defendant, and the estate of the deceased is liable for reasonable counsel fees in defending the will, without regard to the result of the contest. Without some such notice as prescribed by this statute, before the probate of a will, every decedent's estate might be made liable for the expenses of defending an alleged will, even though such a will be procured by the boldest kind of fraud. In *Stanley v. Safe Deposit & Trust Co.,* 88 Md. 404, this court said: "To enable the court to proceed to take probate of a will, so as to bind the parties interested, some of the next relations of the deceased must attend when the will is exhibited for probate, or 'it shall appear that reasonable notice of the time of exhibiting the same hath been given to such of the next relations as might conveniently be therewith served.' Art. 93, secs. 327 and 328 of the Code. Section 329 of that article makes provision for a summons to the near relations, or some one or more of them, or for notice in the public papers or otherwise, as the court may think proper, in the event that none of the relations attend and no notice shall appear to have been given. There is thus imposed on the orphans'

court the duty of requiring the attendance of some of the next relations, or of satisfying itself that the notice provided for by section 327 was given, and that court not only has jurisdiction, but it is its duty, to determine whether there was such attendance or such notice was given. Sections 327 and 328 evidently do not contemplate a formal notice, such as a summons or something in the nature of an order of publication, as section 329 provides for that character of notice in the event of the other not appearing to have been given, but they refer to a notice to be given by the executor or other person exhibiting the will to the court for probate, and, if it appeared to the court that such reasonable notice was given, as provided for in section 327, it unquestionably had jurisdiction to proceed to take the probate of the will."

Sections 327, 328 and 329, referred to in the above quotation, are sections 353, 354 and 355 of article 93 in the present Code. It was there held that the notice which must appear to the orphans' court as having been given need not be a formal notice "such as a summons or something in the nature of an order of publication," but that such formal notice must be given by the court when it did not appear to it that notice had been given, or when no next relations were in attendance. In the subsequent case of *Lederer v. Johannsen*, 124 Md. 458, Judge Thomas, speaking for the court, said: "It is only where none of the near relations of the deceased are present when the will is exhibited for probate that it must be made to appear that reasonable notice was given to them, and where any of the near relations attend, and no objection or caveat is filed, the orphans' court is authorized to take the probate of the will." In that case the executrix was a daughter of the deceased and was in attendance at the time the will was offered for probate; and being one of the next relations of the deceased, her attendance obviated the necessity of it appearing to the court that notice had been given to some of the next relations. In the case now before us, no relation of the deceased was present at the time of the offer and probate, and no notice appeared to the orphans' court to have been given to any of

the next relations. Under such conditions the orphans' court is required to act under the provisions of section 355, by giving notice, by summons, publication, or otherwise, to some of the next relations, affording them an opportunity to attend at the day fixed in the notice and protest the probate or caveat the will. Failing to give such notice as required by section 355, their action in probating the will and granting letters testamentary was error and must be reversed.

It being apparent that a different practice than that prescribed by the Code has been followed in Allegany County, and perhaps elsewhere in the state, it may not be amiss for us to state what in our judgment is a proper procedure prior to and at the time of offering a will for probate. The executor, or some one interested in having the will probated, should notify such of the near relations of the deceased as can be conveniently served, and when he offers the will for probate, make it appear to the orphans' court that such notice has been given. In such case the orphans' court, or the register of wills in recess of the court, can probate the will without the presence of any of the next relations of the deceased. If such preliminary notice does not appear to have been given at the time the will is offered for probate, but one or more of the next relations of the deceased are present and make no objection to the probate, the orphans' court, or the register of wills in recess, may admit the will to probate. If the will is offered for probate and none of the near relations of the deceased shall attend, and no notice shall appear to have been given, the court, or the register of wills in recess, has no power to admit the will to probate at that time, but the court must give notice by summons, publication, or otherwise, as they may think proper, to some of the near relations of the deceased, warning them that the court will proceed with the probate of the will on the day stated in the notice. If, after such notice, they fail to appear, or appearing, fail to object to the probate or caveat the will, the court, or the register of wills in recess, may take the probate of such will.

The fifth paragraph of the appellant's petition alleged: "That said paper writing dated June 15th, 1925, is not a true and valid last will and testament, having been procured by undue influence exercised upon and against said Marie Perrin." The appellee urges that this paragraph constitutes a caveat to the will, and that filing the caveat to the will after probate is a waiver by the appellant of his right to object to the probate. Under the circumstances of this case, we are not able to agree with this contention. The prayers of the petition were confined to asking that the probate be revoked and the granting of letters testamentary be rescinded, and did not ask that the question of undue influence be passed upon by the orphans' court, or that such issue be transferred to the circuit court for trial. We are clearly of the opinion that this paragraph of the petition was inserted by the appellant to indicate his good faith, and to inform the orphans' court that he was not asking that their order of probate be revoked merely because erroneously passed, but because of his desire to caveat the will, before its probate, on the ground of undue influence. We think that the appellant should be commended rather than penalized for this action.

This court has repeatedly held that our testamentary system contemplates and requires a prompt settlement of estates of decedents. *Hunter v. Baker,* 154 Md. 307. We are not to be understood as indicating that contentions such as made by the appellant here are available except in cases where prompt action is taken by direct proceedings to have the probate revoked. In *Stanley v. Safe Deposit & Trust Co., supra,* it was said: "In the case of *Redman v. Chance,* 32 Md. 42, a guardian had been appointed by the orphans' court without notice as alleged by the appellants, to the father or mother as required by the statute. * * * This court held that although the party aggrieved was not restricted to an appeal directly from the order making the appointment, and could by petition or other proceeding in the orphans' court impeach the regularity and validity of the appointment, yet the petition should have been filed, upon the principle of analogy to the time limited for appeals, within thirty days after actual knowledge of the

order of the court making the appointment. That decision would seem to be conclusive of this case. The statute * * * still limits the time within which appeals can be taken from orders and decrees of the orphans' court to thirty days and it was incumbent on the appellants to file their petition within that time after knowledge of the fact that the will had been admitted to probate, or at least to have shown some sufficient reason for not doing so, which they utterly failed to do."

It follows from the above authority, by analogy to the provisions of the statute in respect to appeals from orders and decrees of the orphans' court, that the time for the filing of a petition asking the revocation of the probate of a will is limited to thirty days after knowledge of the probate, or knowledge of such facts as would have put one on inquiry and disclosed by such inquiry the fact that it had been admitted to probate. The orphans' court having erred in admitting the will to probate and granting letters testamentary, the order appealed from must be reversed.

> *Order reversed, and case remanded for further proceedings in accordance with the views expressed in this opinion, with costs to the appellant.*