DELLA R. KAY ET AL. *v.* CLARENCE M. ROBERTS, EXECUTOR, ET AL.

[Nos. 17, 18, April Term, 1936.]

*Decided May 19th, 1936.*

The cause was argued before Bond, C. J., Offutt, Parke, Sloan, Mitchell, Shehan, and Johnson, JJ.

*Lansdale G. Sasscer* and *Robert Hardison,* with whom were *Thomas J. Luckett* and *Charles E. Maurice* on the brief, for the appellants.

*Clarence M. Roberts,* for the appellees.

Shehan, J., delivered the opinion of the Court.

Della R. Kay and Alvinia Evans, heirs at law and next of kin and sisters of Virginia W. Troutman, deceased, who reside in the State of Virginia, are appellants, and Clarence M. Roberts, executor of the alleged last will and testament of Virginia W. Troutman, and James E. Troutman, sole devisee in said alleged will, are appellees.

There are two appeals from orders of the Orphans' Court of Prince George's County in this record. The first is from an order of September 17th, 1935, in which that court refused to frame issues as to the validity of said will and to send them to the Circuit Court for Prince

George's County for trial, as prayed by the appellants. The reason assigned by the court for this action was that issues had already been tried and the validity of the will had been sustained.

This appeal has been abandoned; the record has not been transmitted to this court within the time prescribed. The appeal was ordered on the 17th day of September, 1935, and the record was not filed here until February 19th, 1936; therefore this appeal must be dismissed.

The second appeal is from an order of the Orphans' Court of Prince George's County of January 7th, 1936, dismissing a petition filed by the appellants on October 22nd, 1935, in which it was prayed to vacate an order of January 22nd, 1935, admitting to probate the said paper writing, purporting to be the last will and testament of Virginia W. Troutman, deceased, and granting letters testamentary to Clarence M. Roberts.

The single question here presented is whether the court erred in passing its order of January 7th, 1936, dismissing the appellants' petition of October 22nd, 1935.

Virginia W. Troutman died on the 12th day of June, 1934, leaving surviving her two sisters, the said Della R. Kay and Alvinia Evans, as her sole heirs at law and next of kin, who are appellants.

Carrie N. King, Ruth I. Kamm, and James E. Troutman were supposed to be, and presented themselves as, adopted children of said Virginia W. Troutman, but the evidence fails to establish this fact, and, so far as the record goes, there is nothing to show that any one of the three was legally adopted, and therefore they had no interest in the property of Virginia W. Troutman as her heirs at law or next of kin. The will of Virginia W. Troutman was dated December 2nd, 1933, and James E. Troutman, who is designated therein as "My adopted son," was named as sole beneficiary in the said will. Clarence M. Roberts, executor, offered the paper writing for probate in the Orphans' Court of Prince George's County. Carrie N. King and Ruth I. Kamm filed a caveat to the said alleged will about the 1st of September, 1934; issues

were framed and sent to the Circuit Court for Prince George's County for trial. These caveators were unable to establish their adoption, and therefore were unable to show any interest in the property of the deceased, and sought to continue the case, which effort failed, and under instructions from the court, the jury found on all the issues in favor of the caveatees. The findings of the jury were certified to the Orphans' Court, and the paper writing was thereupon admitted to probate, and letters testamentary were granted to Clarence M. Roberts. The appellants claimed, and the evidence seems to support them, that no notice by summons or publication was given to them, as provided by section 355 of article 93 of the Code. The appellants charge that the probate of the will on January 22nd, 1935, without their knowledge and without notice to them, was illegal, and filed a caveat to the said alleged will on March 12th, 1935, but the petition and caveat was dismissed September 17th, 1935, as above stated. On October 22nd, 1935, the appellants filed a petition asking to have vacated the order of January 22nd, 1935, admitting the alleged will to probate, charging that this order was passed, and letters testamentary were granted, without notice to them and at the instance of parties who had no interest in the estate. From an order of the court refusing to rescind the probate and the granting of letters testamentary, passed on the 7th day of January, 1936, an appeal was taken.

From this recital of facts contained in the record, it will be observed that the appellants had notice that the will had been filed for probate as early as February 26th, for on that date they made an affidavit to the truth of a petition and caveat subsequently filed by them on March 12th, 1935, in which it was alleged that the purported will had been offered for probate and had not yet been admitted to probate, although an order admitting the will to probate had been passed on January 22nd, 1935, and appraisers had been appointed and notice to creditors by publication was ordered. Just how all these facts could

have escaped the attention of the appellants or their counsel is not explained.

On October 22nd, 1935, the date of the petition to vacate the probate, nearly eight months had elapsed since appellants acquired notice of the filing for probate. Even if this delay in itself be not fatal to the appellants' contention, the order dismissing the petition of the appellants for caveat was dated September 17th, 1935, of which the appellants must have had notice, and the petition to revoke letters was not filed until October 22nd, 1935, or thirty-five days thereafter.

In the case of *Perrin v. Praeger*, 154 Md. 541, 550, 140 A. 850, 853, this court, through Judge Digges, stated that, "by analogy to the provisions of the statute in respect to appeals from orders and decrees of the orphans' court, that the time for the filing of a petition asking the revocation of the probate of a will is limited to thirty days after knowledge of the probate, or knowledge of such facts as would have put one on inquiry and disclosed by such inquiry the fact that it had been admitted to probate."

In this case it is shown that the appellants at least had notice that the will had been filed for probate nearly eight months before they filed a petition to revoke the probate, and thirty-five days before the petition to revoke the probate was filed an order was passed disallowing the petition for caveat filed by the appellants because probate had long previously been granted; thus the fact was brought to their notice at that time. Under the authority of the case of *Perrin v. Praeger, supra,* the order appealed from must be affirmed.

> *In No. 17, appeal dismissed, with costs to appellees.*
> *In No. 18, order affirmed, with costs to appellees.*