TRAVERS *v.* LAVENDER ET AL.

[No. 144, October Term, 1950.]

*Decided May 17, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Paul R. Hassencamp* for appellant.

*Joseph Townsend England* for appellees.

GRASON, J., delivered the opinion of the Court.

Frederick W. Green, late of Baltimore City, deceased, died May 1, 1950, leaving what purports to be a Last Will and Testament, which was probated before the Register of Wills of Baltimore City on May 5, 1950, the Orphans' Court of Baltimore City at that time being in recess. The nearest relations of the deceased were cousins.

On June 19, 1950, a petition was filed by nineteen cousins of the deceased. In the petition it is charged that the Register of Wills, in admitting the alleged will to probate and granting Letters Testamentary to Mr. William M. Travers, did not comply with sections 358, 359 and 360 of Article 93 of the Code of Public General Laws. This petition was answered by Mr. Travers, testimony taken, and the Orphans' Court, on the 13th day of December, 1950, "Adjudged, Ordered and Decreed * * * that the order admitting to probate the paper writing purporting to be the last will and testament of Frederick W. Green, deceased, passed on

the Sixth day of May, 1950, and the letters testamentary granted unto William M. Travers, be and the same are hereby revoked." An appeal has been taken to this court from that order.

The question is raised: Was the petition filed in time? Ordinarily such a petition must be filed within thirty days from the date of the probate of the will, or thirty days from the date that knowledge of the will is imputed to a party in interest. It is stated in *Kay v. Roberts*, 170 Md. 400, 404, 184 A. 897, 898:

> "In the case of *Perrin v. Praeger*, 154 Md. 541, 550, 140 A. 850, 853, this court, through Judge Digges, stated that, 'by analogy to the provisions of the statute in respect to appeals from orders and decrees of the orphans' court, that the time for the filing of a petition asking the revocation of the probate of a will is limited to thirty days after knowledge of the probate, or knowledge of such facts as would have put one on inquiry and disclosed by such inquiry the fact that it had been admitted to probate.'"

The evidence shows that Laura Little and Bertha Darling did not have any direct knowledge of the probate of the will or any knowledge that would have put them on notice that such a will had been probated until May 25, 1950, and Robert Green had no such knowledge until May 30, 1950. The petition having been filed on June 19, 1950, certainly the petition as to the three persons mentioned was filed within thirty days from the date the will was probated, and they would have a right to raise the matters contained in the petition even though the other petitioners had such knowledge more than thirty days before the petition was filed.

The decedent was buried on May 4, 1950. Mr. Travers was the draftsman of the alleged will and it was in his custody until it was probated. After the funeral the decedent's cousin, Mrs. Gernhart, called to see Mr. Travers. He showed her the alleged will under which she would participate to the extent of 25% of the de-

cedent's estate. He told her he intended to probate the will in a day or two. He mailed a copy of the will to three of the beneficiaries. He did not tell them when he intended to offer the alleged will for probate. It might be said here that the copy of the will Mr. Travers mailed the three beneficiaries would indicate that Frederick W. Green signed the will. In fact, he did not sign the will but made his mark thereto.

When Mr. Travers appeared before the Register of Wills to probate the will he was not accompanied by any relative of the deceased. In his petition for Letters Testamentary he swore: "That a reasonable notice of the time of exhibiting the will for probate has been given the near relations of the deceased." The appellant contends that three of the relatives of the deceased (those participating under the will) having knowledge of the will, was equivalent in law to the presence of one relative with him at the time Letters Testamentary were granted to him.

We think that the case of *Perrin v. Praeger, supra,* controls the case at bar. At the time that decision was filed, in January, 1928, sections 358, 359 and 360 of Article 93, Code 1939, were numbered 353, 354 and 355 of the 1924 Code. In that case Judge Digges, speaking for the court, said:

"There can be no room for doubt that if the statute requires certain things to be done, or circumstances to exist, as conditions precedent to a valid order of probate, the failure to comply with such statutory requirements cannot be justified by reliance upon a contrary practice in any orphans' court of the state. Section 353 of article 93 covers cases where a will is exhibited for probate to the register of wills in the recess of the court, and provides: 'If any will or codicil be exhibited for proof to the register of wills of the county wherein the same may be proved, in the recess of the court, and any of the next relations of the deceased shall attend and make no objections, or enter no caveat, or if it shall appear that reasonable notice of the time of exhibiting the

same hath been given to such of the next relations as might conveniently be therewith served, and no person shall object or enter a caveat, the register shall proceed to take the probate thereof.' Section 354 of the same article applies to cases where the will is offered for probate to the orphans' court when in session, and provides: 'If any such will be exhibited for probate to the orphans' court of the county where the same may be proved, and any of the next relations of the deceased shall attend, or if notice shall appear to have been given as aforesaid, and no caveat shall have been made against the same, the said court may forthwith proceed to take probate thereof.' Section 353 authorizes the register of wills to take probate of a will in the recess of the court. If the court is in session he has no such power. But whether the probate is taken by the register of wills or by the court, the conditions precedent to its valid probate are the same, namely: (a) That some of the next relations of the deceased be present, or (b) that there appears to have been given notice to such of the next relations as might be conveniently served therewith. Section 355 defines what is required to be done in cases where none of the near relations attend at the offering for probate, and no notice appears to have been given. This section provides: 'If any will or codicil be exhibited to the orphans' court, and none of the near relations of the deceased shall attend, and no notice shall appear to have been given, the court may either direct summons to the said near relations, or some one or more of them, to appear on some fixed day to show cause wherefore the same should not be proved, or direct such notice to be given in the public papers or otherwise, as they may think proper; and if no objection shall be made or caveat entered on or before the day fixed, the court or register of wills in their recess, may take the probate of such will; but if objection shall be made on or before the day

appointed, the said court shall have cognizance of the affair, and shall determine according to the testimony produced on both sides.' " [154 Md. 541, 140 A. 851]

It was held in that case that as no near relative of the deceased was present at the time the will was offered for probate, and it not appearing to the court that notice of intention to offer the will for probate had been given to any of the near relations, it should have proceeded in accordance with the directions contained in section 355 (now 360) by either summons to the near relations, or some one or more of them, to appear on some day fixed to show cause why the will should not be probated, or by giving such notice by publication or otherwise as the court might think proper.

Judge Digges also said in the *Perrin* case:

*"The mandatory requirement of this section is that notice be given to some one or more of the near relations of the deceased, affording them an opportunity to appear at some fixed day and show cause why the will should not be probated.* The only discretion lodged in the court is as to the mode of giving such notice. This construction is inescapable when we read the language following in the same section: 'And if no objection shall be made or caveat entered on or before the day fixed, the court or register of wills in their recess, may take the probate of such will.'

"* * * If the will is offered for probate and none of the near relations of the deceased shall attend, and no notice shall appear to have been given, the court, or the register of wills in recess, *has no power to admit the will to probate at that time, * * *."* (Italics supplied)

Sections 358, 359 and 360 of Article 93 of Code 1939 are mandatory. They contain the conditions precedent in law that must be fulfilled before a will can be admitted to probate. If a will is admitted to probate without meeting these conditions the act of the orphans' court or the

register of wills, as the case may be, would be unlawful. See *Lederer v. Johannsen,* 124 Md. 453, at 458, 92 A. 1035; *Linthicum v. Linthicum,* 130 Md. 150, at 152, 99 A. 979; *McLaughlin v. McLaughlin,* 186 Md. 165, at 171, 46 A. 2d 307. None of the conditions precedent to the probate of a will, which the law requires, were complied with by Mr. Travers.

The near relations of the deceased were entitled to legal notice of the day and the hour thereof when Mr. Travers intended to offer the alleged will for probate, unless he had one of the near relations of the deceased with him at the time of the offering of the will for probate. This is mandatory. He may have thought because three relatives of the deceased knew that he had custody of the will, that he would be relieved of giving notice as provided by section 360 of the Code if no near relation of the deceased accompanied him at the time he offered the will for probate. Even these three relatives had no such notice, because he did not tell them the day that he would offer the will for probate, but to one only he said that he would probate the will in a day or two. This was not notice. The purpose of notice is to give a near relation an opportunity to appear and give notice that a caveat will be filed to the will, and thus prevent its probate. This was not done, and that being so the register of wills had no power to receive the will for probate or to grant letters testamentary. If the register of wills was without power to admit the will to probate, he was without jurisdiction to admit the will to probate.

We cannot agree with appellees that the matter before the court on this appeal is interlocutory and therefore the case should be dismissed. A great deal of space and numerous decisions of this court have been quoted in appellees' brief, which in our opinion have nothing to do with the matter involved in this case.

*Order affirmed, with costs to appellees.*