## JOHN H. GRILL, EXECUTOR, vs. LILLIE R. O'DELL.

*Executors and Administrators—Letters Testamentary Not Re-
vocable Because Caveat to Will Is Filed—Presumption as
to regularity of Proceedings of Orphans' Court.*

When letters testamentary have been granted to an executor named in a will after probate thereof, the mere fact that a caveat is afterwards filed to the will does not authorize the Orphans' Court to revoke such letters and grant administration *pendente lite.*

It is the duty of an executor to defend the will against a caveat filed thereto, and his letters testamentary cannot be revoked during the controversy except for some sufficient cause.

The provisions of Code, Art. 93, sec. 67, relating to the granting of letters of administration when the validity of a will is contested, apply only to cases when the caveat is filed before the grant of letters testamentary.

In the absence of proof to the contrary, it will be presumed that the Orphans' Court in admitting a will to probate properly

decided all matters required to be decided, as, for instance, that reasonable notice had been given to the relatives of the deceased as directed by Code, Art. 93, sec. 336.

*Decided June 29th, 1909.*

Appeal from the Orphans' Court of Baltimore County.

The cause was argued before BOYD, C. J., PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*Thomas G. Hayes* and *Osborne I. Yellott,* for the appellant.

*Z. Howard Isaac,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

Mrs. Annie E. Ruby, of Baltimore County, died on the 4th day of February, 1909, leaving a last will and testament, which was admitted to probate in the Orphans' Court of Baltimore County on the 10th day of February, and on the same day letters testamentary were granted to John H. Grill, the executor named therein. The executor filed his bond, which was approved by the Court, and the Court then passed orders directing notice to be given to creditors, and appointing appraisers, and on the 3rd of March an inventory of personal property, to the amount of $296.00, of cash in the house to the amount of $10.00, and of cash in bank to the amount of $14,000, was filed.

On the 23rd of February, the appellee, Lillie R. O'Dell, filed in the Orphans' Court a caveat to said will, and on the same day a petition to have the letters testamentary granted to John H. Grill revoked and letters of administration *pendente lite* granted. On the 2nd of March the appellee filed a supplemental petition, alleging, among other things, that she was the only surviving child of the deceased, etc., and praying that the letters testamentary granted to the executor

named in the will be revoked, and that letters of administration *pendente lite* be granted her, etc., and the Court passed an order requiring the executor to answer said petitions for the revocation of his letters on or before the 9th of March, and setting the matter down for hearing on the 11th of March. The executor having answered the caveat, on the 9th of March, issues were framed and sent by an order of the Orphans' Court to the Circuit Court for Baltimore County for trial.

At the hearing of the petitions for a revocation of the letters testamentary evidence was produced by the petitioner and executor. On the 16th of March the beneficiaries under the will filed their assent to the petition of the appellee, and on the same day the Orphans' Court passed the order, from which this appeal is taken, revoking the letters granted to the appellant and granting letters of administration *pendente lite* to the appellee.

It is not necessary to set out in this opinion either of the petitions or the evidence produced at the hearing. It is sufficient to say that the only ground assigned in the petitions for the revocation of the letters was that the alleged will is not the last will and testament of the deceased. It is not alleged, nor was there any evidence to show, that John H. Grill, the appellant and executor named in the will, was incompetent, or, for any reason, was not a proper person to administer. George E. O'Dell, the husband of the appellee, and only witness produced, when asked to state the "reasons" for filing the petitions, said: "Well, in the first place, my wife thinks she is capable of attending to her own affairs and her own business; second, she does not think she can have justice done her by having Mr. Grill acting as administrator. * * * She wanted to have these matters in her—to attend to them herself."

In passing the order of the 16th of March, the Orphans' Court doubtless proceeded upon the theory that, a caveat having been filed, it was required or authorized by sec. 67 of Art. 93 of the Code to revoke letters testamentary granted before the caveat was filed, and to appoint, in its discretion, the

executor named in the will or one of the other persons men-
tioned in that section administrator *pendente lite.*

That that is not the proper construction of the section re-
ferred to we think is clear. It provides as follows: ,

"In all cases where the validity of a will is or shall be con-
tested, letters of administration pending such contest may,
in the discretion of the Orphans' Court, be granted to the
person named executor or to the person to whom the largest
portion of the personal estate may be bequeathed in such con-
tested will, or to the person who would be entitled to letters
of administration by law, as in cases of intestacy."

This section does not say that the Orphans' Court may, on
the filing of a caveat, revoke letters previously granted, but
was only intended to apply to cases where the caveat is filed
before the will is admitted to probate and letters testamentary
have been granted, or where, after probate of the will and
granting of letters testamentary, the letters for some sufficient
reason have been revoked. The filing of the caveat does not
suspend the powers of the executor, or furnish any ground for
the revocation of his letters.

In the case of *Munnikhuysen* v. *Magraw,* 35 Md. 280,
where the caveat was filed after the will had been admitted
to probate and letters testamentary had been granted, and the
Orphans' Court appointed an administrator *pendente lite,*
leaving the letters testamentary unrevoked and in full force,
the Court said: "When the will has been admitted to probate
and letters testamentary actually granted, the executors have
qualified and their letters remain unrevoked, the Orphans'
Court have no power to appoint an administrator *pendente
lite,*" and that "the effect of the caveat and proceedings there-
under was not to revoke the probate or to suspend the powers
of the executors. These remain to await the final action of the
Orphans' Court after the trial and verdict upon the issues."

If, as was said in that case, the caveat does not affect the
powers of the executor, which remain the same until the final
order of Orphans' Court after the finding upon the issues,
the filing of the caveat furnishes no ground for the revocation

of letters testamentary previously granted. The power of the Orphans' Court to revoke letters testamentary or of administration is not an arbitrary power, but can only be exercised when the facts of the case warrant it. Where letters have been irregularly and improvidently granted, or have been obtained through fraud or mistake, or the executor or administrator is incompetent, or has been guilty of misconduct in the administration of the estate, or refuses to obey an order which the Court was authorized to pass, in these and similar cases his letters may be revoked, but there is no warrant in law for the revocation of letters testamentary granted to the executor named in a will upon the filing of a caveat simply because the caveator desires to administer and "does not think she can have justice done her," and the beneficiaries under the will assent. Upon the filing of a caveat to a will that has been admitted to probate and after letters testamentary have been granted to the executor named therein, it becomes the duty of the executor to defend the will, and his letters cannot be revokd pending the controversy except for legal and sufficient causes satisfactorily shown. *Levering* v. *Levering,* 64 Md. 410; *Dalrymple* v. *Gamble,* 66 Md. 313; *Carey* v. *Reed,* 82 Md. 395; *Snooks* v. *Zentmyer,* 90 Md. 706; *Jones* v. *Harbaugh,* 93 Md. 269; *Compton* v. *Barnes,* 4 Gill, 55; *Townshend* v. *Brooke,* 9 Gill, 90; *Miller* v. *Gehr,* 91 Md. 709.

Counsel for the appellee insists that no proper notice was given to the relations of the deceased before the will was admitted to probate, as required by sections 336, 337 and 338 of Art. 93 of the Code, and for that reason the will was not legally admitted to probate, and that the Orphans' Court was, therefore, justified in revoking the letters of the appellant. The obvious answer to this contention is, in the first place, that the petitions did not ask that the probate of the will be revoked, and this is not an appeal from the order admitting the will to probate, or from an order revoking or refusing to revoke that order, and the regularity of the Court's judgment in that matter is not raised by this appeal; and, secondly, that we must assume, in the absence of proof to the

contrary, that the Orphans' Court, in admitting the will to probate, properly decided all matters required to be decided by it; for instance, that reasonable notice had been given, etc., and there is nothing in the record in this case to show that it did not do so. *Stanley* v. *Safe Deposit Co.*, 87 Md. 450; *Stanley* v. *Safe Deposit Co.*, 88 Md. 401.

As the record does not disclose any legal cause for revoking the letters testamentary granted to the appellant, we must reverse the order appealed from.

> *Order reversed with costs, and petitions dismissed.*