HENRY F. WINGERT and WILLIAM WINGERT,
Administrators of P. Hager Wingert,
Deceased.

*vs.*

THE STATE OF MARYLAND.

*Testamentary law*: *collateral inheritance tax; appraisers; appointment by Orphans' Court; removal; appointment of other appraisers.*

Under sections 124, 129 and 135 of Article 81 of the Code. (1912), providing that in all cases where real estate of any kind is subject to the (collateral inheritance) tax, the Orphans' Court of the county in which administration is granted shall appoint the same persons to appraise and value the real estate who may have been appointed to value the personal estate, such Orphans' Court has the power and jurisdiction to entertain and determine the question of an additional and amended inventory and appraisement of the real estate of the decedent, and to receive and hear evidence in relation to it.          p. 540

Under section 235 of Article 93 of the Code, the Orphans' Courts have full power to direct the conduct and accounting of executors and administrators, superintend the distribution of estates, and administer justice in all matters relating to the affairs of deceased persons.          p. 541

But until appraisers duly appointed under said section 124 are removed by the Court, it has no authority to appoint others in their places.                                                    p. 542

It is within the power of an Orphans' Court, upon charges of incompetency, neglect of duty, or unfaithful conduct, injurious to the estate, sustained by proof, upon hearing, to remove the administrator or appraisers, and appoint others in their places.                                                          p. 542

The Orphans' Courts are without jurisdiction to try and determine questions of title to real estate.                      p. 543


*Decided April 8th, 1915.*


Appeal from the Orphans' Court for Washington County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.


*Henry F. Wingert* and *Harvey R. Spessard* (with whom was *Miller Wingert* on the brief), for the appellants.


*Edgar Allan Poe, the Attorney General,* (with whom was *Scott M. Wolfinger, State's Attorney for Washington County,* on the brief), for the appellee.


BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Washington County, dated the 30th day of October, 1914.

The questions presented by the record arise on a motion to dismiss certain proceedings in that Court in a matter concerning the inventory and appraisement of the real estate of P. Hager Wingert, deceased, returned by the administra-

tors of his estate and by the appraisers appointed to value the real estate, for the purpose of fixing the collateral inheritance tax provided by sections 120 to 144 of Article 81 of the Public General Laws of Maryland.

The order appealed against is somewhat unusual and is as follows: Ordered this 30th day of October, A. D. 1914, that the motion made on the 26th day of October, 1914, by the administrators of P. Hager Wingert, deceased, and the appraisers appointed to appraise the real estate of said deceased, to dismiss the proceedings as to said appraisement, be and the same is hereby overruled; that the said administrators withdrew the inventory and appraisement returned by them on the 5th day of August, 1914; that they nominate for appointment by the Court two other qualified persons to appraise the real estate of P. Hager Wingert, deceased, and that they include in the inventory and appraisement returned by them, the six parcels of real estate of which Eliza J. Wingert died seized and possessed, mentioned in the testimony given in these proceedings.

It is further ordered that the costs of these proceedings shall be paid out of the estate of said P. Hager Wingert, deceased.

The substantial facts, upon which the proceedings are based, are these: P. Hager Wingert, of Washington County, died intestate, on or about July 23rd, 1913, and letters of administration were granted by the Orphans' Court of Washington County upon his estate to Henry F. Wingert and William Wingert, two brothers of the deceased, the appellants here. He died without children, but left certain brothers and sisters, as his heirs at law.

On the 20th of February, 1914, upon nomination of the administrators, two appraisers were appointed to appraise the real estate of the deceased for the purpose of ascertaining the amount of the collateral inheritance tax to be charged for the use of the State, on the real estate passing to his brothers and sisters.

On the 5th of August, 1914, an inventory and appraisement of six parcels of real estate, situate in Washington County, was returned to the Court at a valuation of $81,-315.00 and in the return it was stated, that P. Hager Wingert was at the time of his death seized and possessed of an undivided one-seventh interest in this property, to wit, $11,-616.43.

The Orphans' Court declined to accept this inventory and appraisement as returned as a true inventory and a correct valuation of the real estate left by the deceased, and thereupon, on the 7th day of August, 1914, directed the administrators and appraisers to be cited and summoned to appear on the 14th of August, 1914, and show cause why there should not be returned an additional and amended inventory and appraisement of the real estate of the deceased.

The administrators appeared in response to the summons, and after a hearing, upon full proof, on both sides, and after argument by counsel for the respective parties, the Orphans' Court held, as set out in the order appealed from, that there was omitted from the inventory (possibly through a mistake as to the law) six parcels of real estate which passed from Eliza J. Wingert to her heirs at the time of her death, of which heirs P. Hager Wingert was one; that the valuations returned by the appraisers of the parcels of real estate which were named to them by the administrators were not the true, clear value of the same and could not be accepted by the Court as a basis upon which to calculate the collateral inheritance tax due from the interest of P. Hager Wingert in the parcels of real estate returned in the inventory by them, as such administrators.

The appellants contend and urge four grounds for the reversal of the order, and why the proceedings should be dismissed:

1st.   Because no petition or proper proceedings has been filed by anyone asking for any relief with reference thereto;

2nd.   Because the Court was without jurisdiction in the premises;

3rd.   Because no charge of fraud or mistake has been alleged by anyone with reference to the appraisement; and

4th.   Because the return of the appraisers in the matter of appraisement, in the absence of fraud or mistake, establishes the true value of the real estate and is conclusive thereof.

It is clear, we think, that it was entirely within the power and jurisdiction of the Orphans' Court to entertain and determine the question of an additional and amended inventory and appraisement of the real estate of the deceased, in this case, and the Court having jurisdiction had the right to hear and receive evidence in relation to it.

By sec. 124 of Art. 81 of the Code of 1912, it is provided, that in all cases where real estate of any kind is subject to the (collateral inheritance) tax the Orphans' Court of the county in which administration is granted shall appoint the same persons who may have been appointed to value the personal estate to appraise and value all the real estate of the deceased within the State.

By section 129 of the same Article, it is provided, the appraisers shall return the inventory when completed to the executor or administrator, whose duty it shall be to return the same to the office of the register of wills, to which the inventory of the personal estate is returnable, and within the same time and under like penalty, and shall make oath that the inventory or inventories is or are a true and perfect inventory or inventories of all the real estate of the deceased, within this State, that has come to his knowledge, and that, should he thereafter discover any other real estate belonging to the deceased, in this State, he will return an additional inventory thereof.

By section 130 of the same Article the appraisement as made shall be deemed and taken to be the true value of the real estate upon which the tax shall be paid.

Section 135 of Art. 81 (1912), empowers the Orphans' Court in case the parties shall neglect or fail to pay the tax as provided by the statute, to order the administrator to sell for cash so much of the real estate as may be necessary to pay it and all the expenses of the sale.

It seems, then, without doubt that both under the statute and under the general power conferred by law, the Orphans' Courts of the State are the proper tribunals to act, and to conduct the proceedings in the enforcement of the collection of this tax imposed by law upon the estates of decedents.

In *Alexander* v. *Leakin,* 72 Md. 199, this Court said: There can be no doubt as to the power of the Orphans' Court generally fully to administer the estate of deceased persons, for the Code, Article 93, section 235, provides it shall have power to direct the conduct and accounting of executors and administrators, superintend the distribution of estates of intestates and administer justice in all matters relating to the affairs of deceased persons. And in *Macgill* v. *Hyatt,* 80 Md. 256, it is said the last clause of the section quoted is very broad, and shows the legislative intention was to confer adequate power and jurisdiction upon Orphans' Courts in every case in which their general powers would enable them to act.

The scope and power of the Orphans' Court under the various sections of Article 93 of the Code in the administration of decedents' estates, has been considered and passed upon by numerous cases in this Court, and as this case falls within the principles enunciated by these cases, a few of them will be cited here. *Lee* v. *Price,* 12 Md. 253; *Cummings* v. *Robinson,* 95 Md. 85; *Stonesifer* v. *Shriver,* 100 Md. 28; *Dalrymple* v. *Gamble,* 66 Md. 298; *Grill* v. *O'Dell,* 111 Md. 68; *Miller* v. *Gehr,* 91 Md. 710; *Fowler* v. *Brady,* 110 Md. 204; *Pratt* v. *Hill,* 124 Md. 256; *Linthicum* v. *Polk,* 93 Md. 84.

There can be no question, then, under the authorities in this State, of the correctness of the action of the Orphans'

Court in holding that it had jurisdiction under the facts disclosed by the record to act, and to hear this case, and there was no error in that part of its order overruling the appellant's motion to dismiss the proceedings.

We can not, however, concur in that part of the order directing the administrators to nominate for appointment by the Court two other qualified persons to appraise the real estate of the deceased for the purposes indicated, so long as the order of the Court of the 20th of February, 1914, and the warrant issued in pursuance thereof, appointing the appraisers, remained in full force and unrevoked. Messrs. Corderman and Humrichhouse had been duly appointed and constituted the appraisers, under section 124 of Article 81 of the Code, to value the real estate of the deceased, and there is nothing in the record to show that they had been removed by the Court prior to the order in this case.

It would clearly have been competent and entirely within the power of the Orphans' Court, upon charges of incompetency, neglect of duty, or unfaithful conduct, injurious to the interest of the estate, if sustained by proof and upon a hearing, to have removed either the administrators or the appraisers and to have appointed others in their places. *Cox v. Chalk,* 57 Md. 569; *Carey* v. *Reed,* 82 Md. 394; *Schouler on Executors and Administrators,* sec. 154.

But the record in this case fails to disclose that this was done. The order appealed from, not only directs the administrators to withdraw the inventory and appraisement returned by them on the 5th of August, 1914, and to include certain named property in the inventory and appraisement returned by them, but it directed the administrators to nominate for appointment by the Orphans' Court two other qualified persons to appraise the real estate of the deceased.

For the reasons stated, we think that part of the order directing the nomination for appointment of two other persons as appraisers, without removing those previously appointed, was error.

We will, therefore, reverse that part of the order which directs the administrators to nominate for appointment two other qualified persons to appraise the real estate of the deceased, but will affirm the order in other respects as to filing an amended and additional inventory and remand the cause for further proceedings.

As to the six parcels of real estate standing in the name of Eliza J. Wingert, deceased, mother of the intestate and directed by the Orphans' Court to be included in the inventory and appraisement, we need only say that as the title to the property stood in the name of Mrs. Wingert at the time of her death it was liable to the tax. It is admitted that it was not returned in the inventory, then on file in the Orphans' Court.

It was contended upon the part of the appellants that these lands were not subject to the tax because they were held by the mother as trustee for her children. That the land had been purchased and paid for by the heirs of the mother and the title taken in the name of the mother, as a matter of convenience. The Orphans' Court declined to hear and determine the question of title, under the facts of the case, and in this conclusion we entirely concur.

It has been repeatedly held by this Court that the Orphans' Courts of this State are without jurisdiction to try and determine questions of title to real estate, such as was sought to be raised here, and we need not discuss this question further.

> *Order reversed in part and affirmed in part, and*
> *cause remanded for further proceedings, the*
> *costs to be paid out of the estate of P. Hager*
> *Wingert, deceased.*