# GEORGE H. DORSEY

### vs.

## MARY C. DORSEY.

*Orphans' Court—Appointment of Co-Administrator—Waiver of Notice—Allegations of Answer.*

When a case is submitted to the orphans' court on a petition and answer, both under oath, and no testimony is taken, the allegations of the answer are to be taken as true.      p. 170

The selection of the one of the class of persons named in Code, art. 93, sec. 18, to whom, to the exclusion of the others, letters of administration shall issue, is committed to the discretion of the orphans' court, and from its order in that respect no appeal will lie.      p. 170

The provision of Code, art. 93, sec. 16, that "no such administration shall be granted until at least twenty days after the death of the supposed intestate and at least seven days after application therefor" is applicable only when the intestacy is not notorious, or has not been proved to the satisfaction of the orphans' court, and does not apply when the intestacy is alleged and admitted.      p. 171

One who knew, in time to appeal, of the grant of letters to another, and failed to appeal, or to ask the revocation of the letters, and filed a petition asking to be appointed co-administrator, thereby waived the absence of notice of such other's application for administration.      p. 171

The person appointed as administrator, from the class of persons first entitled, is the person first entitled, within Code, art. 93, sec. 15, providing that administration may be granted to two or more persons, with the consent of the person first entitled, and consequently, after appointing the son of deceased administrator, the orphans' court cannot, without his consent, appoint the widow as co-administrator.      pp. 171, 172

That one is indebted to the estate does not affect the validity of his appointment as administrator.      p. 172

*Decided January 12th, 1922.*

168        DORSEY *vs.* DORSEY.

Appeal from the Orphans' Court of Howard County.

Petition by Mary C. Dorsey for appointment of petitioner as co-administrator with George H. Dorsey of the estate of Howard C. Dorsey, deceased. From an order granting the petition, said George H. Dorsey appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*James Clark,* for the appellant.

*Edward M. Hammond,* with whom were *Reuben D. Rogers* and *Karr, Hammond & Darnall* on the brief, for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Howard County, granting letters of administration to Mary C. Dorsey, upon the estate of Howard C. Dorsey, to act in conjunction with George H. Dorsey, to whom letters of administration upon said estate had been granted.

The appellee filed a petition alleging that she is the widow of Howard C. Dorsey, who died intestate on the third of July, 1921, leaving surviving him the petitioner, his widow, and five children—three daughters and two sons; that she is one of those entitled to be appointed administrator, in the discretion of the court, and that both of her sons, William Clagett Dorsey and George H. Dorsey, are non-residents of the State; that George H. Dorsey surreptitiously, and without consulting with or advising the petitioner, or William Clagett Dorsey, or, as far as she is advised, any of her children, applied on the 12th of July last for letters of administration on said estate and they were granted to him on that day; that, although a resident of the State, she had no notice or intimation that he intended or contemplated apply-

ing for letters until a day or two after they were granted, when she was informed by one of her daughters that he had told her that the court had appointed him; that said George H. Dorsey is largely indebted to the estate, having through means unknown to her had practically all of the assets properly belonging to the estate transferred to his individual name, and now holds said securities and assets, claiming them as his own; that neither the petitioner nor any of her children are willing to have him undertake the sole administration of the estate, and she filed a request, signed by the three daughters, requesting her appointment as co-administrator with the said George H. Dorsey—the said William Clagett Dorsey acquiescing in the said request; that she is advised and so charges that the appointment of George H. Dorsey was improper and illegal in view of the fact that she had no notice of his intention to apply for letters, and she being a resident of the State and within a short distance of her husband's home, is within the class who are entitled to notice. She then prays that she may be granted letters of administration in conjunction with those heretofore granted to George H. Dorsey, and for further relief.

An order was passed on the 19th of July, 1921, that George H. Dorsey show cause on or before the 25th of July, 1921, why the relief prayed for in the petition be not granted. On the latter day, he filed an answer, by which he admits that the petitioner is the widow of Howard C. Dorsey, who died intestate on the 3rd of July, 1921, leaving surviving him the widow, the three daughters and the two sons; he admits that William Clagett Dorsey is a non-resident but denies that he is a non-resident, and on the contrary says he is an officer in the United States Army and when he entered the army he was a resident of Maryland and, although temporarily stationed at Denver, Colorado, he still retains his legal residence in Maryland; he admits that letters were granted to him on the 12th of July, 1921, and he has qualified and undertaken to administer the estate, but he denies that he made application surreptitiously, as alleged in said petition,

and avers that before making application he consulted with two of his sisters and was advised by them that they and their mother were perfectly willing for him to administer; he denies that Mary C. Dorsey was entitled to notice and avers that the court has full power and authority to grant letters without notice to anyone; he denies that he is indebted to the estate in any manner, shape or form; alleges that Mary C. Dorsey had been separated from her husband and had not lived with him for several years, and since her separation she had made her home with her son, William Clagett Dorsey, and had spent the greater part of the last several years in Florida, where William Clagett Dorsey is in business and resides; that his father had often in his life time expressed the request that respondent administer on his estate; he denies that his appointment was improper or illegal in any respect, and avers that the court is wholly without jurisdiction and authority to appoint the said Mary C. Dorsey as co-administrator.

The case was submitted to the court on the petition and the answer, both of which were under oath, and no testimony was taken. The allegations of the answer are taken to be true (*Daugherty* v. *Daugherty*, 82 Md. 229), but, regardless of that, there would seem to be no foundation for such an order as the one appealed from, under the circumstances shown by the petition and answer.

Section 18 of article 93 provides that "if the intestate leave a surviving husband or widow, as the case may be, and a child, or children, administration at the discretion of the court shall be granted either to the surviving husband or widow, as the case may be, or child, or one of the children." It has been decided by this Court that "the selection of the one of the class to whom, to the exclusion of the others, letters of administration shall issue, is committed by the law to the discretion of the orphans' court, and from its order in that respect, no appeal will lie," *Kailer* v. *Kailer*, 92 Md. 147, 149; *Bowie* v. *Bowie*, 73 Md. 232, 238; *Cook* v. *Carr*, 19 Md. 4.

By section 16 of article 93 it is provided that "it shall be incumbent on the person applying for administration to prove such dying intestate to the satisfaction of the court, unless the same be notorious. * * * No such administration shall be granted until at least twenty days after the death of the supposed intestate and at least seven days after application therefor." The last sentence of that section is only applicable when the intestacy is not notorious, or has not been proven to the satisfaction of the orphans' court. *Williams* v. *Addison,* 93 Md. 41, 44. It was said by CHIEF JUDGE McSHERRY in that case that section 14 of article 93 (where it is said that whenever any person shall die intestate leaving in this State personal property, letters of administration may *forthwith* be granted) and section 16, were not in conflict under that construction of section 16. See also *Jones, Admr.* v. *Harbaugh,* 93 Md. 269, 273. In this case we not only have the presumption that the orphans' court was satisfied that the decedent died intestate, but it is so alleged in the petition and admitted in the answer. There can, therefore, be no difficulty on account of the time within which letters were granted.

In reference to notice it may be said that, by section 23 of article 93, "males shall be preferred to females in equal degree or kin," and therefore, as between the appellant and his sisters, no notice was required, and as the other brother was out of the State, no notice to him was necessary, section 32 of article 93. So far as the widow is concerned, it is sufficient to say that even if she was entitled to notice, she knew that letters had been granted in ample time to appeal, or she could have applied to the court to revoke the appointment, if she had any ground for such action, but she did neither, and filed this petition asking to be appointed co-administrator, in effect thereby waiving any absence of notice she may have been entitled to.

Section 15 of article 93 provides that "administration may be granted to two or more persons, with the consent of the person first entitled," etc. "When a class of persons is first

entitled, the one selected by the court as administrator is the person 'first entitled' under this section." *Kailer* v. *Kailer*, 92 Md. 147, 150. Even if George H. Dorsey was indebted to the estate, that did not disqualify him or render his appointment void, *Ibid.* As there is nothing in this case to show that Mrs. Dorsey was appointed co-administrator with the consent of George H. Dorsey, the person first entitled, but on the contrary it is shown that he has not given his consent, the order of the orphans' court of the 26th of July, 1921, must be reversed.

> *Order reversed and petition dismissed, the appellee to pay the costs, above and below.*