MARY J. BALDWIN, ADMINISTRATRIX, *v.* LAURA M. HOPKINS, ET AL.

[No. 24, October Term, 1936.]

*Decided November 18th, 1936.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Edwin H. W. Harlan,* for the appellant.

*A. Freeborn Brown* and *J. Wilmer Cronin,* with whom was *John L. G. Lee* on the brief, for the appellees.

MITCHELL, J., delivered the opinion of the Court.

The sole question properly before the court in this case is whether the Orphans' Court of Harford County acted within its power in passing an order dated May 6th, 1936, purporting to appoint Frederick B. Baldwin a co-administrator *pendente lite* with Mary J. Baldwin upon the estate of Joseph R. Baldwin, deceased.

The record discloses that on March 10th, 1936, Mary

J. Baldwin was appointed administratrix *pendente lite* upon the estate of her deceased husband, Joseph R. Baldwin, and promptly thereafter furnished the required bond, whereupon letters were issued. Then followed the usual notice to creditors, appointment of appraisers of personal and real estate, and the return of the inventories of both, based, we must assume, upon regular and proper appraisals.

Prior to the appointment of the administratrix *pendente lite*, to wit, February 28th, 1936, the will of Joseph R. Baldwin had been filed for probate. Objections to probate were filed on the same day, and petition and caveat on March 3rd; the answer to caveat having been filed on March 10th, the day of the appointment of the administratrix *pendente lite*. Thereafter, there were other proceedings relating to the caveat that have no bearing upon the issue before us; and on May 19th, 1936, a petition under oath, on behalf of Laura M. Hopkins, Helen B. Arthur, and Frederick B. Baldwin, three of the children of the deceased Joseph R. Baldwin, and the appellees in this case, was filed, praying that the petitioners be given the opportunity to examine the administratrix *pendente lite* with respect to her administration and to require the said administratrix to make a proper accounting of the assets of the estate.

Upon this petition the Orphans' Court' signed an order directing the administratrix to show cause by the 25th day of May, 1936, why the relief prayed for in the petition should not be granted, provided a copy of the petition and the order thereon be served on the administratrix, on or before the said 25th day of May. A return of "non est" on this order was made by the sheriff of Harford County on May 22nd, 1936, and on May 25th a petition on behalf of the same parties, amplifying the allegations in the former petition, prayed the Orphans' Court to appoint a co-administrator *pendente lite* "to take charge of and preserve the Estate of the said Joseph R. Baldwin, deceased," and directing the register of wills of Harford County to cause to be served on the said Mary J. Bald-

win, administratrix *pendente lite*, or her counsel of record, Edwin H. W. Harlan, a copy of the petition and order of court, on or before the 27th day of May, 1936, to show cause why the administratrix *pendente lite* should not be immediately removed, and for other relief, as set forth in said petition; provided a copy of the said petition and order thereon be served on the said administratrix, or her counsel, on or before the said 27th day of May.

This petition appears to have been filed in the Orphans' Court on the 26th day of May, and the court forthwith signed an order directing the administratrix *pendente lite* to show cause on or before June 9th 1936, why the relief prayed for should not be granted; provided a copy of the said petition and order be served on the administratrix, or her counsel, on or before the 27th day of May, 1936. Service of this order was on the day of the signing thereof admitted by counsel for the administratrix, and also on the same day the court, without notice to, or the consent of, the said administratrix, the appellant in this case, passed an order purporting to appoint Frederick B. Baldwin, one of the appellees, co-administrator *pendente lite* to serve with the formerly appointed and duly qualified administratrix *pendente lite*. It is from this last-mentioned order that the appeal to this court is taken.

The Code, article 93, section 271, definitely restricts the powers and authority of the Orphans' Court, very clearly providing that it "shall not, under pretext of incidental power or constructive authority, exercise any jurisdiction not expressly conferred by law." And as was said in the case of *Norment v. Brydon*, 44 Md. 112; "The Orphans' Courts of this State, are prohibited from exercising any powers not expressly conferred by law. They are courts of special limited jurisdiction, and are confined to the letter of their authority. They must exercise the powers conferred upon them strictly in accordance with the law, and the facts, necessary to clothe them with jurisdiction, must affirmatively appear upon the

face of their proceedings. They cannot be left as matters of inference or presumption."

This well-established principle of the law applicable to the jurisdiction of orphans' courts in this state, supported by the Code and decisions of this court, would seem to settle the only issue involved in this case.

Section 15, article 93 of the Code, provides: "Administration may be granted to two or more persons, with the consent of the person first entitled; provided, that administration in all cases shall extend to all the personal property of the decedent within the State." It is the well recognized law of this state that the person "first entitled" to administer within the meaning of this section is that person selected by the orphans' court from the class of persons so entitled, and that the matter of selection from that class is within the discretion of the orphans' court, from which no appeal will lie. *Kailer v. Kailer,* 92 Md. 147, 149, 48 A. 712; *Bowie v. Bowie,* 73 Md. 232, 235, 20 A. 916; *Dorsey v. Dorsey,* 140 Md. 167, 170, 116 A. 915; *Mobley v. Mobley,* 149 Md. 401, 404, 131 A. 770.

There can be no question that the Orphans' Court of Harford County acted within its powers in appointing the appellant, the widow of the deceased Joseph R. Baldwin, administratrix *pendente lite* of the personal estate of said deceased, provided those also belonging to that class entitled to administer under section 18, article 93 of the Code, had the notice to which they were entitled under the decisions of this court in its construction of section 32, article 93. But whether the notice contemplated by law was actually had by the appellees before the appointment of the appellant as administratrix *pendente lite* cannot be considered from the record in this case, and is not pertinent to the only issue involved to this appeal.

It is true that such notice is denied in the petition and that this denial is controverted solely by an allegation, in the first paragraph of the appellant's answer, that the petitioners were not entitled under the laws of Maryland to any notice before the appointment of the adminis-

tratrix *pendente lite.* The correctness of this latter allegation would be dependent upon the facts that may or may not have been properly brought to the attention of the court before the appointment, and whether the court acted within its jurisdiction in making the appointment, in the light of all the circumstances disclosed at the time, is a question that cannot be decided by us from the record, and one that is not properly raised on this appeal.

Therefore, the single issue before us, as stated at the beginning of this opinion, is that involving the jurisdiction of the Orphans' Court of Harford County in passing its order of May 26th, appointing a co-administrator *pendente lite* without notice to, or the consent of, the administratrix *pendente lite* previously appointed on March 10th.

We have no difficulty in concluding that the order of May 26th was in excess of the powers of orphans' courts under the law of this state, and unsupported by any decision of this court. The administration of an estate having once been intrusted to a person entitled to administer, we find no authority for the appointment of a co-administrator by the orphans' court, without the consent of the one first appointed; nor do we find authority, or any sound reason, for differentiation in the application of this principle to an administration *pendente lite,* as suggested in the brief of the appellees. *Dorsey v. Dorsey, supra; Lewis v. Logan,* 120 Md. 329, 331, 87 A. 750.

The power of orphans' courts to revoke letters of administrators upon sufficient charges of neglect of duty, etc., supported by proof and upon a proper hearing, is unquestioned. *Wingert v. State,* 125 Md. 536, 542, 94 A. 166; *Carey v. Reed,* 82 Md. 383, 33 A. 633. And, in our opinion, all of the grievances complained of by the appellees in the instant case are alleged in their petition now pending before the Orphans' Court of Harford County, to which an answer has been filed well within the time prescribed by the order of that court, and upon which petition and answer there has been no hearing or adjudication. Under these circumstances, to affirm the

order appointing a co-administrator, which order is the sole basis of this appeal, would be without precedent and, in our judgment, would not be conducive to the orderly preservation of the estate of the deceased pending litigation. The administratrix *pendente lite* is under bond, and it is within the power of the Orphans' Court to require additional bond if the circumstances of the estate so warrant, and, as we have already said, to even revoke letters if justified by the proof upon a proper hearing.

The question in this case is entirely different from that presented in the case of *Horton v. Horton,* 157 Md. 127, 145 A. 355, 358, to some extent relied upon by the appellees. In the latter case the appeal was from an order of the Orphans' Court of Baltimore City dismissing a petition for the revocation of letters and the appointment of a co-administratrix, on the ground that the incumbent administratrix had been appointed without proper notice; the court refusing to allow the petitioners to offer evidence in support of their petition. The direct question raised was upon the action of the Orphans' Court in dismissing the petition after refusal to hear evidence in support thereof, and this court properly held that, the Orphans' Court having acted "improvidently" in hearing the case on petition and answer, the allegations of the petition, for the purposes of the appeal, must be taken as admitted, and that the granting of letters without notice to the proper parties was reversible error.

In comparing that case with the case of *Dorsey v. Dorsey, supra,* this court said: "In that case the petitioner did not ask for the revocation of letters alleged to have been improvidently granted, but only asked that she be appointed a co-administrator, while here the primary purpose of the petition is to procure the revocation of the letters, and the prayer for the appointment of a co-administrator is secondary and alternative, and such a prayer did not amount to a waiver of appellant's rights."

In the instant case the matter of revocation of letters already granted is not before us. That seems to be a

104

matter to be hereafter passed upon by the Orphans' Court of Harford County.

Finding no authority to sustain the order of that court appointing a co-administrator *pendente lite,* from which order this appeal is taken, the action of the court in passing the order will be reversed.

> *Order reversed, and case remanded for further proceedings, in accordance with this opinion, with costs to the appellants.*