JOHNSON ET AL. *v.* MACABOY

[No. 321, September Term, 1960.]

24

*Decided June 19, 1961.*

Appeal submitted to BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted on brief by *R. Edwin Brown* and *J. Alex Johnson, Jr.,* for appellants.

No brief and no appearance for appellee.

BRUNE, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court for Montgomery County, denying the appellants' petition for the removal of the appellee as administrator of the estate of Dorothy Mose Johnson, an intestate. The case comes before us on the brief and appendix of the appellants, without oral argument, and without any brief or argument on behalf of the appellee. The parties are: Frederick Thorpe Johnson, 2nd, the only child of the decedent, a minor under the age of eighteen years, who is entitled to the entire net estate of his mother, real and personal, and his uncle, Stanley A. Johnson, his father's brother, who are the appellants; and Frank J. Macaboy, Sr., the appellee, a half-brother of the decedent.

The Orphans' Court on December 6, 1960, granted letters of administration to Macaboy upon his petition therefor filed

that day. The appellants' original petition to revoke the letters was filed on December 20 and a supplemental petition on December 21, 1960. The case came on for hearing on December 28th. The grounds upon which the appellants sought the removal of the appellee were presented by counsel and certain proffers of evidence were made, but the Orphans' Court declined to hear testimony and denied the petition for removal. It seems to have been agreed at the hearing that the appointment of Macaboy (who was not entitled to share in the estate) was discretionary with the Orphans' Court. The validity of his original appointment was challenged to some extent on the ground that it was premature. Such a contention seems untenable under such cases as *Williams v. Addison,* 93 Md. 41, 48 A. 458, and *Dorsey v. Dorsey,* 140 Md. 167, 116 A. 915, and it does not appear to be pressed on this appeal. The Orphans' Court took the view that neither the objections and argument presented nor the evidence proffered were sufficient to call for the removal of Macaboy as administrator.

In some respects this case is similar to *Horton v. Horton,* 157 Md. 127, 145 A. 355, but it also has its differences. In *Horton* the appellants were children of the decedent by a former marriage and the appellee was his widow. All were included in the group from which the administrator should have been appointed. The Orphans' Court of Baltimore City granted letters of administration to the widow upon her application. The appellants thereafter filed a petition to have her letters revoked, and as a secondary form of relief they sought to have one of the appellants appointed as a co-administratrix. They alleged that they had received no notice of the widow's application and that they had been lulled by the widow into the belief that no action would be taken without an effort first being made to reach an amicable settlement of differences. At a hearing on the petition for removal before the Orphans' Court, arguments of counsel for both sides were presented and each side offered to produce evidence on the question of notice. The Orphans' Court declined to hear evidence and denied the appellants' petition. Judge Offutt,

for this Court, stated that the main question was whether the Orphans' Court acted improvidently in granting letters of administration to the widow, without having notified the appellants, who resided within its jurisdiction, of her application, and that, subsidiary to that question was "the propriety of the unusual procedure followed by the Court in refusing to allow the petitioners to offer evidence in support of their petition." It was held that on the allegations of the appellants' petition, which were to be treated as true in the absence of a hearing thereon, the Orphans' Court had acted improvidently in making the original appointment and that it should have taken testimony on the appellants' allegations as to lack of notice. This Court pointed out that the Orphans' Court was bound to exercise its discretion in making its selection from among those entitled to be appointed, that it was bound to give notice of the application to the appellants and that it could not be assumed that the Orphans' Court would have failed to consider such evidence as those entitled to notice (the appellants) might have offered on the selection of an administrator or administratrix. Hence, this Court concluded that the Orphans' Court had failed to exercise its discretion in making the appointment, and that the appointment could therefore not be upheld as an act done in the exercise of its discretion, nor could it be upheld simply on the ground that such an appointment was in accordance with the custom of the appointing court. The order appealed from was reversed and the case was remanded for further proceedings, including the taking of testimony on the appellants' petition.

The *Horton* case was explained and distinguished in *Baldwin v. Hopkins,* 171 Md. 97, 103, 187 A. 884. It was approved, but was also distinguished in *Langfelder v. Langfelder,* 189 Md. 88, 92-93, 54 A. 2d 312. It is distinguishable here. The first vital difference between the *Horton* case and this is that in the *Horton* case notice of the application for letters was not given to persons entitled to such notice, but here notice was not given to persons who were not entitled to notice. The decedent's son was below the age of eighteen years and therefore could not have been appointed as admin-

istrator, as the appellants concede. Code (1957), Art. 93, §§ 21 and 59; and see *Cephalis v. Briscoe,* 202 Md. 419, 96 A. 2d 602, where a minor *above* the age of eighteen was held qualified. The other appellant has no standing under our statutes which would entitle him to appointment. The appellants appear to have been under the wholly mistaken idea that relationship to the sole heir and distributee (the son) conferred some right to administer the estate of the decedent. It is only relationship to the decedent which is the foundation for such a right and hence for any right to notice which is incident thereto. Since neither of the appellants was entitled to appointment as administrator or was a member of a group from which selection of the administrator should be made, there was no need under Code (1957), Art. 93, § 36, to notify either of them of the appellee's application for letters. See *Dorsey v. Dorsey,* 140 Md. 167, 171, 116 A. 915; *Jones v. Harbaugh,* 93 Md. 269, 48 A. 827; *Ehlen v. Ehlen,* 64 Md. 360, 1 A. 880.

In *Horton v. Horton, supra,* the question of whether or not the Orphans' Court should have heard the testimony of the appellants' witnesses was, as Judge Offutt pointed out, subsidiary to the main question of whether the original appointment had been improvident because of lack of notice to persons entitled to notice. Testimony there proffered by the appellants was intended to show the absence of notice, and that went to the validity of the original appointment. Such is not the case here. The Orphans' Court appears to have considered the proffered testimony and to have concluded that the facts sought to be established (as distinguished from inferences of bad faith which the appellants seek to draw from them), if true, would not call for the removal of the appellee as administrator. We cannot say that it was in error in so concluding.

In addition to the claim of lack of notice which we have already considered, the appellants contend that the appellee should be removed: (a) because of his statement in his original application that he was a brother, instead of a half-brother, of the decedent; (b) because Macaboy has a claim of his

own to some furniture included in the estate; (c) because of an understatement of the value of the decedent's realty and the absence of any statement of the amount of the personal property; (d) because of the senility of the decedent's mother and her consequent inability to execute a valid renunciation of the right to administer and because of Macaboy's concealment of the facts as to her condition; and (e) because the appellant, Stanley A. Johnson, is qualified to serve and is willing to do so without compensation. We shall take these up in the order stated.

The misstatement of relationship seems rather trivial. It was corrected and it could not have affected the choice of administrator, there being no full brothers or sisters of the intestate extant. A half-brother of the intestate, where qualified to serve, would be "preferred to relations of the whole blood in a remoter degree," (Code (1957), Art. 93, § 28); and he would, of course, be preferred to any relatives of the intestate's husband, who would have no degree of kinship to the decedent.

Next we turn to the appellants' claim that the appellee should have been removed from his position as administrator because he has a claim against the personal property in the estate. An administrator's claim of ownership in certain of the property of an estate which he is administering has been held by this Court to be insufficient to justify his removal as administrator where there is no evidence that the claim is not made in good faith. *Kerby v. Peters,* 172 Md. 1, 190 A. 511. Cf. *Talbert v. Reeves,* 211 Md. 275, 127 A. 2d 533, upholding the right of a claimant against the estate to administer.

The contentions based upon the valuation or absence of valuation of the real and personal property present no grave matters. The appellee's petition stated that the realty was valued at $12,500.00. This, it appears, was the amount of the tax assessment. Any failure to state the value of the personalty would be corrected when the inventory was filed and could be corrected earlier. Moreover, the Orphans' Court or the Register of Wills can require a larger bond when deemed proper. Code (1957), Art. 93, § 43.

Also without merit is the appellants' claim that the intestate's mother's renunciation of her right to serve as administratrix is without validity because she was incompetent at the time she executed the renunciation. Aside from the fact that the intestate's mother resided in a nursing home, there was no evidence proffered by the appellants to show that she was mentally incompetent at the time she renounced. Even if we were to assume that the intestate's mother was incompetent as alleged, the appellants would fare no better, for if she were incompetent for the purpose of renouncing her right to serve, she would likewise be incompetent to serve as administratrix. The result in either instance would be that the appellee would be next entitled to administer.

We think that the proffered evidence on the above contentions fails to show that there was any fraud or mistake which induced the original appointment of the appellee (cf. *Sullivan v. Doyle*, 193 Md. 421, 67 A. 2d 246, a case of misrepresentation) and that the proffered evidence falls short of showing any ground which would require the removal of the appellee. The appellants' last contention—that the adult appellant is qualified to serve and would do so without compensation—does not even purport to show any incompetence or dereliction of duty on the part of the appellee.

This Court has often stated that the right to administer is a valuable right and that an administrator will not be removed except for "legal and specific causes, and after citation and opportunity to be heard in opposition to the motion." *Levering v. Levering*, 64 Md. 399, 2 A. 1; *Grill v. O'Dell*, 111 Md. 64, 73 A. 876; *Smith v. Waller*, 225 Md. 94, 169 A. 2d 454. There are a number of statutory grounds for removing an administrator from his position. None of these, however, has been alleged and proven, in the instant case. The appellants having failed to present "legal and specific causes" for the appellee's being removed from administering the estate in question, we can see no basis upon which he could properly have been removed and the appellant, Stanley A. Johnson, substituted as administrator.

No question appears to have been raised below as to the

right of the minor appellant to file a petition in his own name. The appellee has taken no part in the case on appeal and no such question has been raised here. We suppose that for practical purposes the adult appellant has acted as "next friend" of the minor. He has no perceptible standing of his own to maintain this suit or to appeal. We deem it appropriate to dismiss his appeal, and for the reasons above stated we shall affirm the order appealed from as to the minor appellant.

*Appeal of Stanley A. Johnson dismissed; order affirmed as to Frederick Thorpe Johnson, 2nd; the costs to be paid by the appellant, Stanley A. Johnson.*