## IN THE MATTER OF THE ESTATE OF UNDERWOOD, DECEASED, ETC.

[No. 191, September Term, 1963.]

*Decided January 29, 1964.*

The cause was submitted to BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

Submitted on brief by *Earl J. Lombard,* appellant.

PRESCOTT, J., delivered the opinion of the Court.

After the Orphans' Court for Montgomery County, purportedly acting pursuant to Code (1957), Article 93, Section 239, revoked the letters of administration *c.t.a.,* in the matter of the estate of Henry Morehead Underwood, deceased, of Earl J. Lombard, he has appealed.

The issue to be determined is a narrow one: was Lombard afforded a legal opportunity to be heard, after proper citation and summons, in accordance with the statute? It will be unnecessary in this case to pass upon the sufficiency of the citations relative to the time periods named in the statute, or the specificity of the charges leveled against the administrator for his removal,[1] as Lombard relies upon a *failure* of notice, in accordance with the statute, before his attempted removal.

Section 239 provides, *inter alia,* that if an administrator shall not render the first administration account as required by law or shall not within three months after the date of his letters exhibit to the court an inventory, a summons, returnable in not less than eight nor more than thirty days may, ex officio, be issued against such administrator to show cause "wherefore such inventory has not been exhibited," or such account has not been rendered. And upon the return of the summons "summoned," or upon two citations being returned "non est" by the sheriff of the county wherein the party resided at the time of obtaining his letters, if the administrator does not appear at the return of the summons, or appearing, fails to show

---

1. We also note that the citations are purportedly signed by the "Chief Justice of the Orphans' Court." Article IV, Section 40, of the Maryland Constitution states that the persons presiding in the respective Orphans' Courts shall be designated as "Judges."

satisfactory cause, the court may revoke his letters.[2] This Court has frequently stated that the right to administer is a valuable one, and an administrator will not be removed except for "legal and specific causes, and after citation and opportunity to be heard in opposition to the motion." *Johnson v. Macaboy,* 226 Md. 23, 30, 171 A. 2d 474.

The order revoking Lombard's letters was dated July 17, 1963, and, among other things, contains this recital, "Whereas —by authority of Article 93, Section 239 * * *, two summons have been issued to the said Earl J. Lombard *and two citations have [been] returned "non est" by the sheriff * * *.*" (Italics supplied.) The Orphans' Court, apparently, was acting upon the assumption that the recital was correct, but, unfortunately, we have been unable to verify the italicized portion above, after a careful examination of appellant's brief and of the transcript.

These examinations reveal the following sequence of events. Lombard seems to have been extremely lax in attending to his duties as administrator, and, at least as early as the latter part of 1962, the court, by telephone calls and letters attempted to get him to settle the estate. He repeatedly requested additional time, and, apparently, took the position that he was entitled to the same as a matter of right, if he had other matters that allegedly needed his attention. Finally, the court, on June 18, 1963, notified him, by registered letter, to be in court on June 21, 1963, to show cause why he should not be removed. This letter was unclaimed. It was followed by another registered letter, dated June 21, 1963, directing him to be in court no later than June 26, 1963, for the same purpose. It, too, was unclaimed. On June 28, 1963, the court passed an order commanding the sheriff to "cite and summon" Lombard to appear before the court on July 12, 1963. The return to this order was "non est." On July 12, 1963, the court passed another order, similar to that described above, which directed the sheriff to "cite and summon" Lombard to be in court on July

2. For some of the cases in this Court considering the sufficiency of causes for removal, see Johnson v. Macaboy, 226 Md. 23, 30, 171 A. 2d 474; Smith v. Waller, 225 Md. 94, 169 A. 2d 454; Wheatley v. Fleischmann, 216 Md. 157, 140 A. 2d 152; Fulford v. Fulford, 153 Md. 81, 137 A. 487.

23, 1963. The return to this order was "summoned," without the date of its service being noted thereon. This, conceivably, could be a very important part of the return. (The record does reveal, however, that this return was "received" by the court on July 19, 1963.)

At this point, certain inexplicable procedure followed, which is determinative of our decision. Although the sheriff had the court's order commanding him to summon Lombard to be in court on July 23, 1963, to show cause, etc., on July 17, 1963, it passed the order, referred to above, reciting that two citations [had] been returned "non est," and revoking his letters. Thereafter, on July 19, 1963, still another order was passed by the court commanding the sheriff to cite and summon Lombard "forthwith" to be and appear before the court. This order was served upon Lombard on July 21, 1963, some four days after his letters had been revoked.

From the above, it is obvious that no return of "summoned" to a citation and summons for an appearance by Lombard on, or before, July 17, 1963, was existent at the time of the order, and two returns of "non est" had not been made on, or before, that date. Hence, the provisions of the statute were not complied with. We must, therefore, reverse the order, but we shall do so without prejudice to further proceedings relative to removal after proper notice, should the Orphans' Court deem such procedure desirable.

*Order reversed, without prejudice to further proceedings relative to the removal of the Administrator: costs to be paid by appellant.*